No. 82-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

JEAN BROTHERS, KATHY BROTHERS,
and STATE FARM MUTUAL AUTOMOBILE INC.,
COMPANY,

                              Plaintiffs and Appellants,

        vs.

GENERAL MOTORS CORPORATION, and
BILL ATKIN VOLKSWAGEN, INC.,

                              Defendants and Respondents.

---

Appeal from:   District Court of the Second Judicial District,
               In and for the County of Silver Bow
               Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

      For Appellants:

            Wellcome & Frost, Bozeman, Montana
            Albert Frost argued, Bozeman, Montana

      For Respondents:

            Poore Law Firm, Butte, Montana
            James Poore, III argued, Butte, Montana

---

                              Submitted:   January 18, 1983

                                Decided:   February 18, 1983

Filed:   FEB 18 1983

*Ethel M. Harrison*
_____
                        Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Plaintiffs brought this action in strict products liability and negligence for injuries resulting from a car accident. The District Court of the Second Judicial District, Silver Bow County, granted summary judgment for defendants and plaintiffs appeal.

On June 22, 1977, plaintiff Jean Brothers was driving her 1976 Pontiac LeMans station wagon on Interstate 90 toward Missoula, Montana, at about 50 miles per hour. The road was clear and dry. Her daughter and grandson were passengers in the car.

As she was driving around a gradual bend, Jean Brothers felt a tremor in the steering wheel, then two short bumps, and was suddenly unable to turn the wheel. The car failed to go around the bend, moving from the right lane, into the left lane, and down into the median ditch.

The investigating officer found no evidence of driver error and did not issue a ticket to Mrs. Brothers. He noted on the accident report that the car's left front tire was flat and that its deflation may have pulled the car off of the road.

Mrs. Brothers and her husband had purchased the car in November 1976, from defendant Bill Atkin Volkswagen. The car was used, with an odometer reading of about 3,500 miles. At the time of the accident, the car had been driven about 7,600 miles. The car's warranty history revealed no significant mechanical problems or repairs.

A mechanic at a front-end repair shop in Missoula looked at the front-end of the plaintiff's car, but could find nothing wrong. The steering column was removed and examined by Mrs. Brothers' son who is a mechanic. He found nothing wrong. A professor of mechanical engineering examined the steering column and also found nothing wrong. None of the other potential experts brought forward by appellants gave the opinion that the car was defective.

The car was taken to a wrecking yard and has long since disappeared.

The general issue of whether the summary judgment for defendants was proper may be broken down into two subsidiary issues:

1. Whether appellants met their burden to show that a defect in the car caused the injury and that the defect was traceable to the respondents.

2. Whether res ipsa loquitur should be applied to this case.

Appellants argue that the testimony of Mrs. Brothers and her daughter, as well as the good condition of the car, is sufficient evidence to make a prima facie case in strict products liability. According to appellants, this evidence raises the inference that the vehicle's steering mechanism was defective in either design or manufacture. We do not agree.

In a products liability action, the plaintiff must show three things: 1) the plaintiff was injured by the product; 2) the injury occurred because the product was defective and unreasonably dangerous; and 3) the defect existed when it left the hands of the particular defendant. Duncan v. Rockwell Manufacturing Co. (1977), 173 Mont. 382, 567 P.2d 936; Barich v. Ottenstror (1976), 170 Mont. 38, 550 P.2d 395, citing Prosser on Torts (4th ed.) § 103.

Circumstantial evidence, as well as direct evidence, may be used to show a defect. Brandenburger v. Toyota Motor Sales, U.S.A. Inc. (1973), 162 Mont. 506, 513 P.2d 268. A plaintiff does not meet his burden of proof, however, by merely establishing that an accident occurred. Brown v. North American Manufacturing Co. (1978), 176 Mont. 98, 576 P.2d 711. In Brandenburger, we adopted the following standard of proof to show a defect in a manufacturer's product:

> "The nature and quality of evidence used in products liability cases to show the defect and the nexus between the defect and the accident naturally varies. The most convincing evidence is an expert's pinpointing the defect and giving his opinion on the precise cause of the accident after a thorough inspection. If an accident sufficiently destroys the product,

> or the crucial parts, then an expert's opinion on the probabilities that a defect caused the accident would be helpful. If no such opinion is possible, as in the present case, the user's testimony on what happened is another method of proving that the product was defective. If the user is unable to testify, as where the accident killed him or incapacitated him, no other witness was present at the time of the accident, and the product was destroyed, the fact of the accident and the probabilities are all that remain for the party seeking recovery. At this point the plaintiff can attempt to negate the user as the cause and further negate other causes not attributable to the defendant. These kinds of proof introduced alone or cumulatively are evidence which help establish the presence of a defect as the cause of the damage." 513 P.2d at 275, quoting Stewart v. Budget Rent-A-Car (1970), 52 Haw. 71, 470 P.2d 240, 243.

This flexible standard of circumstantial evidence can be met by proof of the circumstances of the accident, similar occurrences under similar circumstances, and elimination of alternative causes. Brown, supra; Brandenburger, supra.

Under Rule 56, M.R.Civ.P., the party opposing a motion for summary judgment must present facts of a substantial nature. Speculative statements are insufficient to raise a genuine issue of material fact. Barich, supra; Duncan, supra.

The appellants here have failed to meet the flexible standard set down in Brandenburger. There was no attempt to introduce evidence of similar occurrences under similar circumstances. Moreover, and perhaps more importantly, the plaintiffs failed to eliminate alternative causes of the accident. While the plaintiffs' own conduct may not have been a contributing factor, that is not the only alternative cause that should be eliminated. Alternative causes include tire failure, loss of hydraulic power-steering, improper maintenance, abuse by the prior owner, or foreign objects in the steering mechanism, among others.

Because the allegations raised by plaintiffs are so speculative, they cannot be considered genuine issues of material fact.

Appellants next claim that the evidence was sufficient for application of the doctrine of res ipsa loquitur. Such an argument, on its face, seems incorrect. Generally, res ipsa is

- 4 -

applied to human conduct, not defective products. It is the driver of a vehicle or a pilot of an airplane who may be subject to the res ipsa presumption. See Whitney v. Northwest Greyhound Lines, Inc. (1952), 125 Mont. 528, 242 P.2d 257; Knowlton v. Sandaker (1968), 150 Mont. 438, 436 P.2d 98; and Tompkins v. Northwestern Union Trust Co. (1982), _____ Mont. _____, 645 P.2d 402, 39 St.Rep. 845.

In Tompkins, we quoted the Restatement (Second) of Torts, § 328D, as properly stating the doctrine of res ipsa loquitur:

> "(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>
> "(a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>
> "(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>
> "(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
>
> "(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
>
> "(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached." 645 P.2d at 406.

While we have stated that exclusive control over the situation is not a necessary element of a res ipsa case, we have nevertheless acknowledged that exclusive control helps to establish the probable cause of the accident. Tompkins, supra.

Here, the control exercised by defendants, General Motors and Bill Atkin Volkswagen, is so remote that any causal connection between their duty and the plaintiffs' injuries has been broken. Moreover, as stated earlier, because appellants have failed to eliminate other reasonable causes, their allegations are purely speculative. In such a case, no reasonable inference of negligence may be made and res ipsa loquitur is not applicable.

The summary judgment is affirmed.

_____
Justice

- 5 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices