NO. 94-032

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

KATHRYN E. IKE, Personal Representative
of the Estate of Arnold R. Caster,
Deceased,

Plaintiff and Respondent,

v.

JEFFERSON NATIONAL LIFE INSURANCE
COMPANY,

Defendant and Appellant.


APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Dan L. Spoon, Reep, Spoon & Gordon, P.C.,
Missoula, Montana

For Respondent:

Edward K. Duckworth, Ronan, Montana


Submitted: September 13, 1994

Decided: November 1, 1994

Filed:

NOV 1 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jefferson National Life Insurance Company appeals from a judgment of the District Court for the Twentieth Judicial District, Lake County. That court entered summary judgment that the estate of Arnold Caster is entitled to accidental death benefits under a policy of insurance issued by Jefferson National. We affirm.

The dispositive issues are:

1. Did the District Court err as a matter of law by ruling that the parties' cross-motions for summary judgment constituted an agreement that there was no dispute as to material fact?

2. Did the court err in ruling as a matter of law that Arnold Caster's death was caused by pulmonary aspiration when he choked to death on his own vomit and that this was an accidental death covered by the Jefferson National insurance policy?

3. Did the court err in ruling as a matter of law that the exclusion in the Jefferson National policy if death is "caused in whole or in part, directly or indirectly" from "the influence of any intoxicant" did not exclude coverage for Caster's death?

Arnold Caster died unexpectedly on the morning of Sunday December 1, 1991, at the age of 41. His wife found him lying on the floor in the living room with his clothes on but his shoes and socks off and covered by a blanket. He was not breathing and there was a pool of vomit on the floor next to his face.

Efforts to revive Caster did not succeed, and he was pro- nounced dead at a local hospital. On the death certificate, the

2

attending physician, Dr. Irwin, recorded the manner of death as "natural" and listed the cause of death as "pulmonary aspiration."

Caster's estate submitted a claim for benefits under a policy of accidental death insurance Caster had purchased from Jefferson National, his home mortgage company, six months before he died. Jefferson National denied the claim on the basis that Caster's death was not an accident.

Caster's estate filed this action in April 1993. In September of that year, Caster's estate moved for summary judgment, and two months later Jefferson National filed a cross-motion for summary judgment. The record includes depositions of Dr. Irwin, the personal representative of Caster's estate, and three acquaintances of Caster. Jefferson National also filed an affidavit by Dr. Muskett, a Missoula, Montana, emergency room physician who had reviewed the deposition of Dr. Irwin and Caster's medical records. Dr. Muskett opined that an acute cardiac event was a more likely cause of Caster's death than pulmonary aspiration. Jefferson National further contended that alcohol was arguably a cause of Caster's death, because he had been drinking the night before he died. The insurance policy contained an exclusionary clause concerning intoxicants.

The District Court entered summary judgment for Caster's estate. It relied on Dr. Irwin's medical opinion, in his deposition testimony, that the cause of death was accidental. The court discounted the opinion of Dr. Muskett because

3

> [t]here simply are no facts in the record upon which Dr. **Muskett** could rely in concluding that some physical ailment, such as a previously undetected cardiac problem, caused the vomiting or that intoxication caused the vomiting.

The court concluded as a matter of law that pulmonary aspiration of vomit which results in death is an accidental death covered by the insurance policy. It ruled Jefferson National had not produced credible evidence that Caster was under the influence of intoxicants or that intoxicants caused his death. It further ruled that the intoxicant exclusion provision in the insurance policy differs from the language allowed under § 33-22-231, MCA, and is therefore void. Finally, the court stated the reasonable expectations of consumers would be that Caster's death was covered by this insurance policy.

## Issue 1

Did the District Court err as a matter of law by ruling that the parties' cross-motions for summary judgment constituted an agreement that there was no dispute as to material fact?

Jefferson National claims certain language in the summary judgment order demonstrates that the District Court erroneously concluded the cross-motions for summary judgment constituted an agreement by the parties that there are no issues of material fact. As Jefferson National points out, the parties did not agree as to which material facts were established and were controlling. While Jefferson National argued that the facts support summary judgment in its favor, it also maintained there were disputed issues of fact

4

precluding entry of summary judgment for Caster's estate. Specifically, Jefferson National claimed that Dr. Muskett's opinion and the unrebutted evidence that Caster drank three or four beers the night before he died create material issues of fact barring summary judgment in favor of Caster's estate.

Jefferson National correctly states that the Montana Rules of Civil Procedure, like the Federal Rules of Civil Procedure, do not bar either party from claiming the existence of issues of fact sufficient to prevent entry of summary judgment against it, in spite of simultaneous motions for summary judgment by opposing parties. See Heublein, Inc. v. United States (2nd Cir. 1993), 996 F.2d 1455. Further,

> [w]hen faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other. . . . "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."

Heublein, 996 F.2d at 1461 (citations omitted).

The District Court's comments during the hearing on the cross-motions for summary judgment clearly demonstrate the court's understanding of its right to deny both parties' summary judgment motions, absent sufficient proof of either party's case. The District Court's written order supports the position of Caster's estate that the court determined that, while the estate had met its burden of proof, Jefferson National had failed to produce sufficient evidence to establish any factual issues. In its order, the

5

District Court engaged in specific and independent reasoning on each motion for summary judgment. The court wrote:

> The Court finds that the facts established by the Plaintiff in support of her summary judgment motion, that Arnold Caster died as a result of pulmonary aspiration of vomit, when applied to the . . . definition of "accident" entitles Plaintiff to the conclusion that death was accidental within the terms and conditions of the Defendant's insurance policy and that Plaintiff is entitled to summary judgment as a matter of law.

> The burden of proof then shifts to the Defendant in opposing Plaintiff's summary judgment motion and in support of its counter motion for summary judgment of showing that there are genuine issues of material facts and that Defendant is entitled to summary judgment. The Defendant has presented no evidence of any fact issues.

> The Defendant's medical expert, Dr. Muskett, concludes that death was not accidental and that the vomiting was precipitated either by intoxication or some physical ailment. However, his opinion is, of necessity, based upon the same facts as was Dr. Irwin's opinion. There simply are no facts in the record upon which Dr. Muskett could rely in concluding that some physical ailment, such as a previously undetected cardiac problem, caused the vomiting or that intoxication caused the vomiting.

> The uncontroverted facts established by Plaintiff are that Arnold Caster's death was caused by pulmonary aspiration of vomit. Defendant has produced no conflicting fact issues. Defendant has, therefore, failed its burden in opposing Plaintiff's summary judgment motion.

After reviewing the District Court's order in its entirety, we conclude the court did not hold the erroneous view that the cross-motions for summary judgment constituted agreement that there was no dispute as to material fact. We therefore hold there is no error as alleged by Jefferson National under this issue.

Did the court err in ruling as a matter of law that Caster's death was caused by pulmonary aspiration when he choked to death on his own vomit and that this was an accidental death covered by the Jefferson National insurance policy?

Our standard of review of a ruling on a motion for summary judgment is the same as a district court's--whether no genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Minnie v. City of Roundup (1993), 257 Mont. 429, 849 P.2d 212.

Dr. Irwin was the treating physician in the emergency room when Caster died. Dr. Irwin testified by deposition that he believed Caster had aspirated stomach contents up into the esophagus and then down into the trachea and the pulmonary tree, causing respiratory arrest and then cardiac arrest. He declined to speculate on whether the beer Caster consumed the evening before he died precipitated the aspiration, but noted that he usually documented a smell of alcohol if he noticed it in a patient and that he had not documented it in this case.

Dr. Irwin testified he began to write "cardiac arrest" on the emergency room record as the cause of Caster's death, but then, in an effort to be more precise, crossed that out and wrote "pulmonary aspiration." He stated:

> Certainly he did have a cardiac arrest. Everybody who
> dies has a cardiac arrest. But I think the event that
> led to the cardiac arrest was pulmonary aspiration.

Dr. Irwin gave his opinion to a reasonable degree of medical certainty that the pulmonary aspiration occurred first and then cardiac arrest occurred second. He testified that his opinion was based on the absence of any history of cardiac problems in Caster and on his findings on physical examination of Caster. He stated he felt comfortable testifying that this was an accidental choking. He testified that he categorized the death on the death certificate as "natural" rather than as "accidental" in order to spare the family from a coroner's investigation.

In his affidavit, Dr. Muskett stated his opinion that Caster's death was not a result of pulmonary aspiration and that "an acute cardiac event is a far more likely cause of [Caster's] death than aspiration." However, Dr. Muskett did not give an opinion to a reasonable degree of medical certainty as to what was the cause of Caster's death. He merely speculated on possibilities. Speculative statements are insufficient to raise a genuine issue of material fact. Smith v. State Farm Ins. Companies (1994), 264 Mont. 129, 131, 870 P.2d 74, 75.

Dr. Muskett's failure to state a positive opinion as to the cause of Caster's death is understandable, given the lack of foundation for his opinion. He never examined Caster, either before or after Caster's death. His opinion was based only on his reading of the medical records associated with Caster's death and on the deposition of Dr. Irwin.

8

Neither the medical records nor Dr. Irwin's deposition provides a foundation for the opinion Dr. Muskett expressed. Had the same opinion been offered at trial, it would have been within the District Court's discretion to exclude the opinion for lack of foundation. Based on our review of the medical records and Dr. Irwin's deposition, we conclude there was no abuse of discretion in this instance.

The insurance policy at issue is entitled "Benefits for death caused by an accident." The policy provides:

ACCIDENTAL DEATH BENEFIT: We will pay a benefit for loss of life due to an injury.

The policy defines "injury" as "bodily injury caused solely by an accident which occurs while the insurance coverage is in force." "Accident" is not defined in the policy.

Where the term "accident" is not defined in an insurance policy, the word does not have

a technical, legal meaning, but must be considered in the light of the common and accepted meaning, and construed according to common speech and usage--that the common understanding contemplates something unanticipated, unforeseen, and unusual, without design, intention, or premeditation.

Dalbey v. Equitable Life Assur. Soc. (1937), 105 Mont. 587, 599, 74 P.2d 432, 436, adopting the definition from Corpus Juris Secundum. A death may be an accident even if the cause is unknown. 46 C.J.S. Insurance § 863 (1993).

Jefferson National maintains Caster's estate has not met its burden of proving Caster's death was caused solely by accident as

9

required under the above definition of "injury." However, Jefferson National has not produced any evidence showing, or even hinting, that Caster's death was anything but unanticipated, unforeseen and unusual, without design, intention or premeditation. Jefferson National also argues Caster's death was due to natural physical processes, which it distinguishes from an "accident." While vomiting may be a natural and normal physical process, choking to death on one's own vomit is neither natural nor normal. To the extent the term "accident" is ambiguous in the insurance policy, it should be interpreted against the drafter. See e.g., State Farm Mut. Auto. Ins. Co. v. Taylor (1986), 223 Mont. 215, 218, 725 P.2d 821, 823.

Finally, Jefferson National cites Brothers v. General Motors Corp. (1983), 202 Mont. 477, 658 P.2d 1108, as authority that Caster's estate must eliminate alternative causes of his death. Brothers does not stand for that proposition. In that case, this Court held that "[t]he flexible standard of circumstantial evidence," such as proof of the circumstances of an accident, similar occurrences under similar circumstances, and elimination of alternative causes, may be used to establish a product defect as the cause of damages. Brothers, 658 P.2d at 1110. Here, Caster's estate has produced direct evidence, in the form of Dr. Irwin's opinion, as to the cause of Caster's death.

We conclude, as did the District Court, that Dr. Muskett's affidavit does not raise a genuine issue of fact as to the cause of

10

Caster's death. We hold the court did not err in ruling as a matter of law that Caster's estate met its burden of proving that Caster's death was caused by pulmonary aspiration when he choked to death on his own **vomit**, and that this was an accidental death covered by the Jefferson National insurance policy.

## Issue 3

Did the court err in ruling **as a matter** of law that the exclusion in the Jefferson National policy if death is "caused in whole or in part, directly or indirectly" from "the influence of any intoxicant" did not exclude coverage for Caster's death?

Jefferson National cites the undisputed evidence that Caster drank three or four beers the evening before he died. The circumstances under which his body was found, Jefferson National argues, support its contention that Caster's estate failed to prove Caster's death was not caused, in the words of the insurance policy, **"in** whole or in part, directly or indirectly" from the influence of alcohol.

As the party asserting that the exclusionary clause applied, Jefferson National, not Caster's estate, bore the burden of producing evidence sufficient to create a factual issue regarding intoxication. Jefferson National has not carried that burden. Almost two years after Caster's death, and seven months after this action was filed, all Jefferson National produced was evidence that Caster consumed three or four beers the night before he died. As stated above, the treating physician, Dr. Irwin, was unwilling to

11

speculate on any connection between alcohol and Caster's death. No connection has been established between Caster's death and Dr. Muskett's statement that "alcohol intoxication or intoxication by certain medications can . . . result in aspiration."

In sum, Jefferson National has not produced substantial credible evidence that the influence of alcohol had any relationship with Caster's death. We hold that the District Court did not err in its ruling concerning the intoxication exclusion in the Jefferson National insurance policy.

Under these circumstances, we deem it unnecessary to further address the issue of whether there was abuse of discretion and prejudice to Jefferson National as a result of the District Court's failure to allow an extension of time so that Jefferson National could further investigate the intoxication issue. Because we affirm the decision of the District Court for the reasons discussed above, we need not address the challenges made by Jefferson National to the alternate bases for the District Court's decision-- violation by the insurance policy of § 33-22-231, MCA, and the reasonable expectations of consumers.

Affirmed.

J. A. Turnage
Chief Justice

12

we concur:

_John Conway Harrison_

_Karla M. Gray_

_William E. Hunt Sr._

_Terry N. Trieweiler_

_James C. Nelson_

_Gerald Keller_
Justices

November 1, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Dan L. Spoon, Esq.
Reep, Spoon, & Gordon, P.C.
P.O. Box 9019
Missoula, MT 59807-9019

Edward K. Duckworth
Attorney at Law
104 Highway 93 So.
Ronan, MT 59864

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy