FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0448

DA 20-0448

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 79N

SHELTER VALLEY ROAD USERS ASSOCIATION, INC.,
a Montana nonprofit corporation,

   Plaintiff and Appellee,

  v.

DON EVAN RUSSELL, individually; DON EVAN RUSSELL
and GWEN RUSSELL a/k/a GWENDOLYN RUSSELL, jointly:
DONALD BOYD WALTERS, JR., a/k/a DONALD B.
WALTERS, JR. and MARCI JO WALTERS, jointly;
DEBRA RUSSELL; WILLIAM JEFFREY RUSSELL; ANNE
DENISTON RUSSELL; WILLIAM M. RUSSELL; and
KAREN SMITH-RUSSELL, in her capacity as Trustee
of the K.E. Smith Revocable Trust dated March 5, 2012;
and ALL OTHER PERSONS UNKNOWN, CLAIMING ANY
RIGHT TITLE, ESTATE OR INTEREST IN OR ENCUMBRANCE
UPON THE REAL PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO PLAINTIFF'S TITLE,
OR ANY CLOUD UPON PLAINTIFF'S TITLE,
WHETHER THE CLAIM OR POSSIBLE CLAIM IS PRESENT
OR CONTINGENT, and DOES 1 THROUGH 10 inclusive,

   Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,
      In and For the County of Flathead, Cause No. DV-19-173C
      Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     William Merrill Russell, Self-Represented, Dubois, Idaho

   For Appellee:

     Erika L. Johnson, Measure Law, P.C., Kalispell, Montana

Submitted on Briefs:  February 10, 2021

Decided:  March 30, 2021

Filed:

Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William ("Bill") M. Russell appeals an Eleventh Judicial District Court Order granting Shelter Valley Road Users Association, Inc.'s ("SVRUA"), motion for summary judgment and denying his cross-motion for summary judgment regarding whether Bill held rights to an easement over Shelter Valley Drive North ("Subject Road"), a road traversing the North Shelter Valley ("NSV") subdivision in Flathead County. We affirm.

¶3 The SVRUA governs and maintains the Subject Road. In August 2018, the Secretary of the SVRUA discovered that maps of the area showed a road, "Bill Russell Way," connecting Lot 11A in the South Shelter Valley ("SSV") subdivision and several parcels in Section 17 to the south, which are owned by various members of the Russell family. This prompted an e-mail exchange with Bill's brother, Don Russell—owner of Lot 11A in the SSV subdivision and other parcels in Section 17—in which Don indicated that he and his family occasionally used the Subject Road to access their Section 17 parcels, that they had historically used various trails in the subdivision area for access, and that they may further develop Section 17 in the future.

3

¶4     The SVRUA filed a complaint in the District Court against all parties with an ownership or redemption interest in the Section 17 parcels, including Bill[1] and other Russell family members. The SVRUA sought a declaratory judgment quieting title over the Subject Road and a permanent injunction enjoining Defendants' use of the Subject Road, asserting that it is a private road over which the SVRUA retains exclusive governance and control. The SVRUA alleged the Defendants had no easement or claim of right to use the Subject Road for the purpose of accessing Section 17.

¶5     All Russell family Defendants except Bill joined in an answer. They ultimately reached a settlement with the SVRUA and were dismissed from the case in January 2020. Appearing on his own behalf, Bill filed a separate answer, alleging the SVRUA's claim was barred by laches, estoppel, waiver, or the statute of limitations. Bill included a counterclaim, seeking a declaratory judgment that he had an easement by oral grant, prescription, or in equity over the Subject Road for the purpose of accessing his Section 17 parcels.

¶6     The parties filed cross-motions for summary judgment in April 2020. Bill's motion identified for the first time a claim for implied easement.[2] The undisputed facts established, among other things, that: the Subject Road was platted in 1977 and built in the 1980s, and

[1] At the time the SVRUA filed its complaint, Bill had redemptive rights in four parcels identified as Parcels K, G, the N1/2 of Government Lot 3, and the S1/2 of Government Lot 3. Bill represents that he exercised his redemptive rights on June 3, 2019, and is now the fee simple owner of these four parcels.

[2] The District Court observed in its Order that this claim was nearly identical to the other Russell family Defendants' claim for implied easement asserted in their Answer and thus that Bill should have known about this claim well before his motion.

4

the NSV and SSV subdivisions were built incrementally from 1982 onward; the Russell family used historic roads and trails located over the area in which the NSV and SSV subdivisions are currently located prior to the subdivisions' development; the historic roads were wholly separate and not in the same location as the Subject Road; each NSV and SSV subdivision lot is granted an easement appurtenant over the Subject Road to access the respective lot; Bill's father, the prior owner of the Section 17 parcels, purchased Lot 11A in the SSV subdivision—now owned by Don and Gwen Russell—and an express easement of record over the Subject Road and other roads under the erroneous belief these easements would extend use for access to the Section 17 parcels; the e-mail exchange with Don Russell was the first time the SVRUA was put on notice that the Russell family members were using the Subject Road to access their Section 17 parcels under a claimed right; the Section 17 parcels are undeveloped, and the majority of the Russell family members are out-of-state, absentee landowners, making only "minimal" use of Section 17; and Bill and the other Russell family members have reasonable alternative access routes to their Section 17 parcels.

¶7      In August 2020, the District Court issued its Order granting the SVRUA's motion and denying Bill's motion.  It quieted title and interest in the Subject Road to the SVRUA, and it enjoined Bill from asserting any right or interest in or traveling over the Subject Road.

¶8      We review a district court's summary judgment rulings de novo, applying the standards of M. R. Civ. P. 56.  *McClue v. Safeco Ins. Co. of Ill.*, 2015 MT 222, ¶ 8,

380 Mont. 204, 354 P.3d 604 (citation omitted). A court may grant summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). The moving party bears the burden of proof to establish the absence of any genuine issue of fact; once established, the burden shifts to the nonmoving party to supply substantial, admissible evidence showing a genuine issue of material fact, which must be more than a mere denial, a conclusory or speculative statement, or an unsubstantiated suspicion, concern, or theory. M. R. Civ. P. 56(e)(2); *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 19, 330 Mont. 48, 125 P.3d 1121 (citations omitted). If the court determines no genuine issues of material fact exist, it must then determine whether the moving party is entitled to judgment as a matter of law. *Howard v. St. James Cmty. Hosp.*, 2006 MT 23, ¶ 14, 331 Mont. 60, 129 P.3d 126. We draw all reasonable inferences against the party whose motion is under consideration. *Ike v. Jefferson Nat'l Life Ins. Co.*, 267 Mont. 396, 399-400, 884 P.2d 471, 474 (1994) (citation omitted).

¶9 Bill argues that the District Court erred in granting the SVRUA's summary judgment motion and denying his cross-motion because there were genuine issues of material fact. But he failed to clearly articulate in his briefing on appeal what specific error he assigns to the District Court's Order, instead asserting general disagreement. He similarly failed to include any legal reasoning or authority. Bill relies primarily on his belief that, by purchasing property within the SSV subdivision, the Russell family "gained easements including that over the [S]ubject [R]oad" to access lots in Section 17—

6

a belief the District Court held was plainly mistaken. We thus consider the merits of his appeal by reviewing as a whole the record and the District Court's analysis.

¶10    The District Court's Order was thorough, including over thirty pages of rationale for its ruling. It laid out the undisputed material facts in significant detail, and it provided substantial analysis of each of the prescriptive easement elements, concluding that Bill had not established a genuine issue of material fact as to any. It explained its rationale for declining Bill's claims for an oral grant of easement or an equitable easement, observing that Bill did not address those claims at all in his briefing and that, alternatively, the statute of frauds would prevent an easement from arising under either theory. Finally, the District Court explained clearly and with legal authority that it would not consider Bill's implied easement claim because he had failed to raise it prior to the summary judgment briefing, despite having knowledge of it from the other Defendants' Answer, and because Montana courts give little leeway to *pro se* parties for procedural errors, especially those with prior litigation experience such as himself.

¶11    We agree with the District Court that Bill failed to show any genuine issues of material fact as to the elements of his prescriptive easement claim. To prove a prescriptive easement, a claimant must show by clear and convincing evidence that his use of the claimed easement was open, notorious, exclusive, adverse, and continuous and uninterrupted for the full statutory period of five years. *Heller v. Gremaux*, 2002 MT 199, ¶ 12, 311 Mont. 178, 53 P.3d 1259 (citation omitted); § 70-19-404, MCA. Bill failed to produce evidence sufficient to establish a genuine issue of fact as to any of these elements.

7

He did not establish that he or his family's use was open, notorious, and adverse because none of them made a "distinct and positive assertion of a right hostile" to the SVRUA or its members to use the Subject Road to access Section 17. *Combs-DeMaio Living Tr. v. Kilby Butte Colony, Inc.*, 2005 MT 71, ¶ 14, 326 Mont. 334, 109 P.3d 252 (citation omitted). He similarly provided no evidence showing the SVRUA or its members had actual knowledge of this assertion, or that the SVRUA should be imputed to have presumptive knowledge of this assertion. *Heller*, ¶ 13. The SVRUA submitted six affidavits from SVRUA members stating that they had no knowledge of the Russells or of their use of the Subject Road. The SVRUA also showed that the Russells are largely out-of-state, absentee landowners, that Section 17 is generally undeveloped, and that about 700 vehicle trips occur over the Subject Road each day, making it impossible for the SVRUA or subdivision residents to distinguish the Russells from other users of the road.

¶12 Bill also failed to establish a genuine issue of fact as to the element of exclusivity, which requires a claimant show he relied on his own individual right to use the road, and not the right held by another. *Lemont Land Corp. v. Rogers*, 269 Mont. 180, 184, 887 P.2d 724, 727 (1994) (citation omitted). Bill does not rely on his own claim of right but rather on his brother Don's express easement over the Subject Road to access Lot 11A and the erroneous belief that this easement extended to the Section 17 parcels.

¶13 Finally, Bill did not establish an issue of fact as to the elements of continuous and uninterrupted use for the statutory period. The undisputed facts showed only that his and other family members' use of the Subject Road in recent years was "minimal" and that the

8

evidence of historical use was related to a road and trail network that previously existed in the area, separate and apart from the Subject Road.

¶14 We agree further with the District Court that Bill did not have an express written easement over the Subject Road and that Bill's failure to develop his arguments as to an alleged easement by oral grant or equity renders the SVRUA's position as to those claims well-taken. The District Court thus did not err in finding no genuine issue of material fact as to those claims and that the SVRUA was entitled to judgment as a matter of law. The District Court similarly did not need to consider Bill's implied easement claim given his failure to raise it prior to the final date scheduled for amending pleadings. *See Xin Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 23, 328 Mont. 232, 119 P.3d 100 (citation omitted) (Montana law requires *pro se* litigants to adhere to procedural rules and orders).

¶15 Having concluded the District Court did not err in granting summary judgment to the SVRUA, we also conclude it did not err in awarding costs of suit to the SVRUA as the prevailing party. *See* § 25-10-101(8), MCA ("[c]osts are allowed, of course, to the plaintiff upon a judgment in the plaintiff's favor . . . in an action to foreclose a lien or pledge, to prevent or abate a nuisance, or for an injunction").

¶16 Finally, Bill contends that the District Court violated his constitutional rights by granting the SVRUA's summary judgment motion and not allowing the case to proceed to a jury trial. Bill failed to raise this issue before the District Court and did not develop his argument with legal reasoning or authority on appeal; we thus need not address it.

9

*State v. Peterson*, 2002 MT 65, ¶ 24, 309 Mont. 199, 44 P.3d 499 (citations omitted). We find it unpersuasive in any event, as the policy behind M. R. Civ. P. 56 is to achieve judicial economy and the just, speedy resolution of disputes where a trial is clearly unnecessary. *Hajenga v. Schwein*, 2007 MT 80, ¶ 11, 336 Mont. 507, 155 P.3d 1241 (citation omitted). The District Court specifically noted Bill's failure to present evidence in support of his claims, making trial unnecessary:

> From the time Bill filed his Answer to the time he filed his Cross-Motion for Summary Judgment, nine months passed during which Bill failed to conduct any discovery. He failed to file any Witness and Exhibit List in violation of the Rule 16 Scheduling Order. Despite having the opportunity, Bill failed to submit Affidavits of witnesses other than his own. Bill failed to file a reply in support of his motion within the time allowed. Bill never submitted facts or evidence justifying his purported need for time to conduct discovery.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The case is governed by settled principles of law and establishes no new precedent. Having reviewed the briefs and the record on appeal, we conclude that the District Court did not err in granting summary judgment or in awarding costs of suit to the SVRUA. We accordingly affirm.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE