**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ULA TALMADGE, individually and as
conservator on behalf of Michelle
Talmadge,

        Plaintiff - Appellant,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant - Appellee.

No. 96-8044
D. Wyoming
(D.C. No. 95-CV-1035)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McWILLIAMS**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Michelle Talmadge[1] appeals the district court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in this diversity case. She contends that the court erred in ruling that, as a matter of law: (1) State Farm did not breach its duty of good faith and fair dealing in handling a third party claim against her; (2) she has no cause of action against State Farm for negligence and spoilation of evidence; and (3) she was not entitled to punitive damages. We affirm.

## BACKGROUND

On April 27, 1993, Talmadge was driving her mother's pick-up truck when she rear-ended a car driven by Mrs. Kim Bilodeau. According to Talmadge, she could not stop because the truck's brakes, which had been repaired the previous day, would not work. Talmadge's mother insured the truck with State Farm, and Talmadge was also named on the policy. After the accident, Talmadge's mother replaced the truck's master brake cylinder. As requested, she gave the original master cylinder to a State Farm representative, who placed it in a locked closet. However, at some later time, the representative could not find the cylinder in the closet, and he concluded it was inadvertently lost.

---

[1]At all relevant times, Michelle Talmadge was a minor. Her mother, Ula Talmadge, acting individually and as conservator of Michelle Talmadge, filed this suit. Ula Talmadge, individually, is not part of the appeal. For convenience, we refer to the plaintiff-appellant as Michelle Talmadge or "Talmadge."

When State Farm interviewed Talmadge immediately following the accident, she recounted her unsuccessful efforts to stop the car and also stated that neither she nor any other passenger in her car was injured.[2] Based on its investigation and its review of the police report, State Farm concluded that brake failure, rather than Talmadge's negligence, caused the accident, and therefore it denied Bilodeau's claim for damages against Talmadge. Mr. and Mrs. Bilodeau (collectively "Bilodeau") then sued Talmadge. State Farm defended. The trial judge allowed Bilodeau to present evidence concerning State Farm's loss of the master cylinder, thereby alerting the jury to insurance coverage.

Before the verdict came in, State Farm told Talmadge's mother that State Farm would take care of any excess over the policy's $100,000 limit. Supp. App. at 8. The jury returned a $750,000 verdict in favor of Bilodeau; judgment was entered on May 26, 1995. Again after the judgment, defense counsel wrote Talmadge's mother a letter which reaffirmed State Farm's prior position, indicating that it would post an appeal bond and fully pay the judgment if it were affirmed on appeal. However, before any of State Farm's post judgment motions were heard, State Farm settled with Bilodeau. A satisfaction of judgment was entered on July 24, 1995. Talmadge then brought this action.

---

[2]When State Farm later learned that Talmadge had medical complaints resulting from the collision, it obtained and paid all medical bills. App. at 227.

**DISCUSSION**

We review de novo the grant of summary judgment, applying the same standard as the district court. First Savings Bank, F.S.B. v. First Bank System, Inc., 101 F.3d 645, 650 (10th Cir. 1996). Essentially, we ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Summary judgment is proper, if, viewing the record in the light most favorable to the nonmovant, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); United States v. City and County of Denver, 100 F.3d 1509, 1512 (10th Cir. 1996).

A. Bad Faith.

When an insurance company breaches its duty of good faith and fair dealing respecting its insured, Wyoming permits an action for the independent intentional torts of first party or third party bad faith. State Farm Mut. Auto. Ins. Co. v. Shrader, 882 P.2d 813, 825 (Wyo. 1994). Thus, if an insurance company knowingly or recklessly, and without a reasonable basis, denies its insured's direct claim for policy benefits, its insured may bring a cause of action for first party bad faith. Shrader, 882 P.2d at 826 (citing Herrig v. Herrig, 844 P.2d 487, 490-91 (Wyo. 1992)). If an insurance company fails to act in good faith to settle a third-party's claim against its insured within policy limits, and

- 4 -

that failure results in a judgment against the insured that exceeds policy limits, the insured

may bring an action for third party bad faith.[3] Id.

Since Talmadge's claim arises from State Farm's handling of a third party's claim

against her, under Wyoming law, she must show that State Farm's bad faith failure to

settle that claim resulted in an excess judgment against her. Talmadge disputes neither

State Farm's ready willingness to pay, nor its actual payment of, the excess judgment.

Rather, she contends that State Farm breached its duty of good faith because of the way it

"investigate[d], handle[d] or denie[d]" the claim. Appellant's Br. at 13 (citing Hatch v.

State Farm Fire & Cas. Co., 842 P.2d 1089, 1099 (Wyo. 1992) ("[Insurer] cannot properly

go beyond a reasonable denial of the claim and engage in unreasonable or unfair behavior

to gain an unfair advantage.")). Echoing Hatch's factual background in part, Talmadge

---

[3]For purposes of applying the New Mexico statute of limitations, we have previously held that a third party bad faith claim does not accrue until an excess judgment becomes final. Torrez v. State Farm Mut. Auto. Ins. Co., 705 F.2d 1192, 1202 (10th Cir. 1982). We note, however, that Wyoming has ruled that a claim for bad faith arises at the time the insurer initially refuses to pay. Darlow v. Farmers Ins. Exchange, 822 P.2d 820, 826 (Wyo. 1991) (citing, *inter alia,* Berry v. United of Omaha, 719 F.2d 1127, 1129 (11th Cir.1983) (first party claim) and Schlauch v. Hartford Acc. and Indem. Co., 194 Cal. Rptr. 658 (Cal. Ct. App. 1983) (third party claim)). See also Larraburu Bros., Inc. v. Royal Indem. Co., 604 F.2d 1208, 1215 (9th Cir. 1979) (finding that, under California law, an insurer which has caused damages in addition to the excess judgment may not avoid bad faith liability by paying excess judgment before it becomes final); Campbell v. State Farm Mutual Auto. Ins. Co., 840 P.2d 130, 139-40 (Ut. Ct. App. 1992) (holding that insurer's eventual payment of excess judgment does not cure damages sustained as a result of its unreasonable failure to settle); Farmers Group, Inc. v. Trimble, 691 P.2d 1138, 1142 (Colo. 1984) (holding that an actual excess judgment is not a necessary prerequisite to a claim for third party bad faith.)

contends that "[t]he real brunt of [her] claim of bad faith is . . . that State Farm improperly investigated the claim and that State Farm did not properly involve [her] in settlement negotiations at any stage and even after the jury verdict was entered."  Appellant's Br. at 16.  Thus, Talmadge argues that she presented sufficient facts to create a jury question regarding bad faith.

In response, State Farm argues that Hatch's ruling was limited to claims of first party bad faith.  However, whether or not its ruling may apply to third party bad faith cases generally, this case does not satisfy Hatch's criteria of "oppressive and intimidating claim practices" by which the insurer seeks to "gain an unfair advantage" over its insured. Hatch, 842 P.2d at 1099.

That is, Talmadge has failed to present facts suggesting State Farm engaged in any oppressive and intimidating practice toward her, and she has failed to point to any act by which State Farm gained any unfair advantage over her.  Except for the loss of the master cylinder, Talmadge points to no specific failure in State Farm's investigation which affected the case.[4]  Nor does the single fact that State Farm allowed the judgment to be entered demonstrate bad faith, in light of its readiness to post a bond and its actual settlement of the judgment within two months of its entry.  We conclude that the alleged

---

[4]The instances she does cite are either unsupported or irrelevant.  For example, she mentions State Farm's failure to get a statement from all passengers in Talmadge's car when State Farm had information that one of the passengers was contradicting the others' exculpatory statements.  However, the record reveals that defense counsel deposed all witnesses who appeared at trial.  Appellee's Supp. App. at 9.

facts do not satisfy the requirements for bad faith under <u>Hatch's</u> definition. Drawing

every inference in Talmadge's favor, we find that this case does not create a jury question

as to whether State Farm's actions constituted oppressive or intimidating claim practices

toward her or otherwise sought to gain an unfair advantage over her.

Furthermore, Talmadge has not claimed damages for which she may recover. As

the district court succinctly stated:

> In this case, State Farm paid the excess amount, so Michelle has not
> suffered any pecuniary harm. Boiled down to its essence, Michelle's claim
> is that State Farm should compensate her for the emotional trauma she
> suffered by sitting through a trial. However, to recover damages for
> emotional distress, Michelle must demonstrate that State Farm's bad faith
> caused her to suffer "substantial other damages, such as economic loss, in
> addition to the emotional distress." <u>Shrader</u>, 882 P.2d at 833. Michelle
> cannot demonstrate any such damages. State Farm paid for the defense of
> the trial, and it has satisfied the excess verdict.

Appellant's Br., App. at 7. We agree. <u>Shrader</u> specifically requires substantial other

damages as "a limitation . . . upon the recovery of damages for emotional distress for a

breach of this duty [of good faith and fair dealing]."[5] <u>Shrader</u>, 882 P.2d at 833 (citing

<u>Gruenberg v. Aetna Ins. Co.</u>, 510 P.2d 1032, 1041 (Cal.1973); <u>Anderson v. Continental</u>

<u>Ins. Co.</u>, 271 N.W.2d 368, 378 (Wis. 1978)). Inasmuch as the record reveals no

---

[5]Talmadge argues that <u>Shrader's</u> limitation was overruled by <u>Daily v. Bone</u>, 906 P.2d 1039, 1044 (Wyo. 1995) (allowing, in a case of negligent impact, recovery for mental injury unaccompanied by physical injury). However, <u>Shrader</u> and <u>Daily</u> concern very distinct torts. Accordingly, we conclude that <u>Daily</u> does not implicitly overrule <u>Shrader's</u> specific damages limitation for the intentional economic tort of bad faith.

substantial damages, either physical or economic, in addition to emotional distress, Talmadge's claim fails.

B. Spoilation[6] of Evidence.

The term "spoilation" encompasses a third party's intentional or negligent destruction or loss of tangible evidence, which destruction or loss impairs a person's ability to prove or defend a prospective civil action.[7] Bush v. Thomas, 888 P.2d 936, 939 (N.M. Ct. App. 1994) (collecting cases). Although her complaint alleges both intentional and negligent spoilation, Talmadge's appeal concerns only negligent spoilation.

As both parties note, Wyoming has not recognized the tort of spoilation. Lacking a precedent from the state's highest court, a federal court sitting in diversity must predict how the state's supreme court would rule if it were presented with the issue. Adams-Arapahoe School Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 871 (10th Cir. 1992). We review de novo this state-law determination. Id.

---

[6]Courts also refer to the tort as "spoliation."

[7]Although not relevant to Talmadge's claim, spoilation also encompasses a party's loss or destruction of evidence related to an action involving that party. See, e.g., Burns v. Cannondale Bicycle Co., 876 P.2d 415, 419 (Ut. App. 1994). Rather than permit a tort claim in such cases, courts may, *inter alia*, allow an adverse inference to be drawn against the party responsible for the evidence's loss or destruction. Id. Without specifically using the term spoilation, Wyoming appears to allow such an inference. Continental Sheep Co. v. Woodhouse, 256 P.2d 97, 99-100 (Wyo. 1953); cf. Kieffer v. Weston Land, Inc., 90 F.3d 1496, 1500 (10th Cir. 1996) (approving the Wyoming district court's denial of defendant's objection to expert's foundation, which objection was created by defendant's removal of allegedly defective machine, and also approving district court's ruling that plaintiff could admit evidence of that removal, and that jury could accept or reject defendant's explanation).

The district court did not determine whether Wyoming would recognize the tort of negligent spoilation.[8]  Nor need we decide the issue, since, in any event, Talmadge has not presented a sufficient showing to invoke its application.  At a minimum, a person claiming negligent spoilation must establish the following elements:  (1) existence of a potential civil action; (2) a legal or contractual duty to preserve evidence relevant to that action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages.  Continental Ins. Co. v. Herman, 576 So. 2d 313, 315 (Fla. Dist. Ct. App. 1990); accord Foster v. Lawrence Mem. Hosp., 809 F. Supp. 831, 836 (D. Kan. 1992).

Essentially, Talmadge claims that State Farm's loss of the master cylinder (1) impaired her defense of unavoidable accident; and (2) prevented her from bringing a products liability action against the manufacturer and repair shop.  Regarding her first claim, State Farm does not dispute that it had a duty to preserve the master cylinder for the Bilodeau trial.  However, as noted above, Talmadge has presented no damages which can be recovered as a result of State Farm's breach of that duty.[9]  Regarding her claim

---

[8]Applying the rationale of adverse inference cases, see n.7 supra, the district court held that spoilation was unavailable since Talmadge was not an adverse party at the time State Farm lost the master cylinder.  However, as we have noted, a cause of action for spoilation can be brought against a third party who destroys evidence relevant to a prospective lawsuit.

[9] As the district court noted:  "Talmadge may well be correct in arguing that State

(continued...)

that State Farm's loss of the master cylinder has prevented her from bringing a products liability suit, she concedes that she never advised State Farm that she intended to bring a such an action. Moreover, the record provides no indication that State Farm should have known, in the absence of actual notice, that Talmadge had any uncompensated damages which could be pursued against others.[10] Since Talmadge lacks the essential elements of damage and duty respectively, summary judgment was proper as a matter of law on both spoilation claims.[11]

C. <u>Punitive Damages</u>.

As the district court correctly noted, punitive damages "are a remedy, not an independent cause of action." Appellant's Br., App. at 9. We have already held that State Farm did not breach its duty of good faith and fair dealing respecting Talmadge, and that its loss of the master cylinder is not actionable. We agree with the district court's

---

[9](...continued)
Farm 'bungled the case' and caused the judgment to be higher than [it] otherwise would have been. However, State Farm is the one who paid for this 'bungle' when it settled Bilodeau's claim." Appellant's Br., App. at 9.

[10]Although Talmadge points to provisions in State Farm's claims manual which establish a procedure for preserving evidence, those provisions speak to State Farm's duties in handling claims against its insureds. They do not create a general duty respecting claims against third parties.

[11]Talmadge also asserts that her claim sounds in simple negligence. However, in order to prevail on a negligence claim, Talmadge must show the breach of a duty which proximately caused her damages. Our conclusion that she lacks essential elements applies equally to a negligence claim.

conclusion. Having no claim for actual damages, Talmadge has no claim for punitive damages.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge