**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DEBORAH TAYLOR,

      Plaintiff - Appellant,

v.

COOPER TIRE AND RUBBER CO., a
Delaware corporation,

      Defendant - Appellee.

No. 96-4084

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 93-CV-725-B)

---

Daniel G. Darger, Salt Lake City, Utah, for Plaintiff-Appellant.

R. Scott Williams (Catherine M. Larson with him on the brief) of Strong & Hanni, Salt
Lake City, Utah, for Defendant-Appellee.

---

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

---

McKAY, Circuit Judge.

---

      Plaintiff, Mrs. Deborah Taylor, was injured when a tire manufactured by

Defendant, Cooper Tire and Rubber Co., failed. At issue in this products liability case

applying Utah law was the cause of the tire failure. Plaintiff alleged a manufacturing

defect. Defendant asserted a variety of defenses including alternative causes for the tire failure other than a manufacturing defect. The district court held that Plaintiff's proposed expert witness was not qualified to testify to any alleged defect in the tire and granted Defendant's Motion in Limine to exclude this testimony. The court then held that Plaintiff's claim could not be sustained absent expert witness testimony that the tire was defective and dismissed the case.

Plaintiff challenges the district court's ruling, contending that (1) her witness was qualified to testify as an expert about the reason for the tire's failure; (2) the lack of expert testimony is not fatal to her case; and (3) the court made procedural errors. We affirm the trial court's decision that the witness was not qualified as an expert pursuant to Federal Rule of Evidence 702, but reject the court's conclusion that Utah law requires expert testimony to establish a viable cause of action in product liability.

Plaintiff contends that the district court erred in finding that her witness was not qualified to testify as an expert. In the course of Plaintiff's case, she attempted to proffer the testimony of an expert to support her manufacturing defect theory. The court held a hearing outside the presence of the jury to determine whether the expert was qualified pursuant to Federal Rule of Evidence 702. The evidence at the hearing showed that the witness was qualified generally in materials failure, particularly metals. The central focus of the inquiry, however, was whether the witness was qualified to testify that the tire failure in this case was the result of a manufacturing defect.

The district courts have broad discretion to determine the admission of expert testimony. See Compton v. Subaru of Am., Inc., 82 F.3d 1513, 1517-18 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996). This court reviews such decisions only for an abuse of discretion. Orth v. Emerson Elec. Co., White-Rodgers Div., 980 F.2d 632, 637 (10th Cir. 1992). To illustrate the court's handling of this matter, we note some of the proposed expert's testimony:

> THE COURT: [D]id you do some kind of testing on this tire, or did you contemplate it to try to ascertain whether this particular separation of the plies occurred because of the tire's impact with an object on the road or a curb or some external object?
>
> THE WITNESS: No, I did not do that. No, sir.
>
> . . . .
>
> THE COURT: But wasn't your job to express an opinion as to the mode of failure?
>
> THE WITNESS: Yes.
>
> THE COURT: Didn't you want to check that one out?
>
> THE WITNESS: You mean to find out if it had been hit by some object and something had failed inside the tire?
>
> THE COURT: Yes, and that that led to the failure.
>
> THE WITNESS: I guess at that point I hadn't--I hadn't considered that because I didn't see any kind of damage from the outside, and I guess that is the only thing that I can say right now.
>
> . . . .
>
> Q And you admitted today in fact that you are not an expert in the

3

manufacturing of tires?

A Correct.

. . . .

THE COURT: [Your opinion] is still based pretty much on your initial look at the tire and taking some photographs and determining that it looks like this thing separated improperly?

THE WITNESS: Right. You can tell that it was a blowout for sure, but other than that, that is correct.

App. to Appellant's Br., Vol. II at 326-27, 329, 345-46.

Our review of the hearing testimony leads us to conclude that the trial court did not abuse its discretion when it found the expert was not sufficiently qualified to testify on the critical issue in this case. See Meyerhoff v. Michelin Tire Corp., 70 F.3d 1175, 1182 (10th Cir. 1995); Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 516 F.2d 33, 37-38 (10th Cir. 1975), on remand, 411 F. Supp. 705 (W.D. Okla.), rev'd, 561 F.2d 202 (10th Cir. 1977). Although under existing authority the disqualification of the plaintiff's proposed expert is not reversible error, it is also clear that a decision to allow the witness to testify as an expert would also not have been reversible.

Plaintiff also asserts that the district court erred in dismissing her claim for lack of expert testimony. Immediately after excluding Plaintiff's expert, the court stated that it would entertain a motion to dismiss the case. Defendant moved to dismiss the case, and the court granted this motion. Our review of the record reveals the court believed that to recover for manufacturing defect under Utah law, a plaintiff is required to prove the

4

element of product defect with expert testimony.[1]  On its face the order is one to dismiss as a matter of law for failure to have an expert witness to support the manufacturing defect theory.[2]  We review *de novo* the district court's determination of state law.  Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1528 (10th Cir. 1997).

Our reading of Utah law persuades us that no such rule has been established in Utah and that the general trend in the law is that plaintiffs may prove product defect through circumstantial evidence.  In Hooper v. General Motors Corp., 260 P.2d 549 (1953), the Utah Supreme Court stated:

> [A product's failure], standing as an isolated fact, would be an insufficient factual basis for an inference that the wheel was defective at the time it was assembled. . . .  However, when viewed in relation to other evidentiary facts-- . . . expert testimony . . . the age of the truck; . . . the fact that it had no record of prior damage; the description of the mishap by plaintiff . . . then the fact of [product failure] may have provided the requisite force to tip the scales in favor of plaintiff.  Certainly, reasonable men from the cumulative factual total could infer . . . that the wheel was defective at the

---

[1] The trial court stated:

I'm going to have to dismiss the case.  There is no evidence to support the plaintiff's claim of a manufacturing defect and I'm well aware of that.  You have to have a witness that can qualify as having the kind of knowledge that would allow him to express that opinion.

App. to Appellant's Br., Vol. II at 378.

[2] "Plaintiff's claims of alleged defect of the subject tire cannot be sustained absent expert witness testimony as to said defect."  App. to Appellant's Br., Vol. II at 390 (Order Excluding Expert Witness and Judgment of Dismissal With Prejudice at ¶ 2); see also id. at 387 (Findings of Fact and Conclusions of Law at ¶ 5).

time of assembly.

Id. at 551-52. Additionally, in Hewitt v. General Tire & Rubber Co., 284 P.2d 471 (1955), the Utah Supreme Court stated that "direct evidence which can be produced on either side in a case such as this is limited by the very nature of the action. . . . For this reason, the circumstantial evidence giving rise to certain inferences becomes of great importance." Id. at 472. The court further discusses how evidence that negates other inferences of liability, i.e., plaintiff's own negligence or the interference of a third party, would be relevant. Id. at 474.

Utah law requires a plaintiff to prove that "at the time the product was sold by the manufacturer . . . there was a defect or defective condition in the product which made the product unreasonably dangerous to the user or consumer." Utah Code Ann. § 78-15-6(1). One Utah case has dealt with the argument that a manufacturing defect can be supported solely by expert testimony. See Nay v. General Motors Corp., 850 P.2d 1260, 1264 (Utah 1993) (holding that the trial court erred in directing a verdict in favor of defendant when there was at least expert testimony). No Utah court has expressly rejected the claim that a manufacturing defect must be supported by expert testimony. However, Utah courts have not addressed a situation where plaintiff presented evidence of defect without offering expert testimony. In each Utah case where plaintiff did not produce expert testimony, plaintiff also did not offer any other evidence. See Burns v. Cannondale Bicycle Co., 876 P.2d 415, 418 (Utah App. 1994) (finding a lack of evidence where the allegedly defective

6

product was destroyed and plaintiff offered no other evidence of defect, but instead relied on a spoliation theory); Kleinert v. Kimball Elevator Co., 854 P.2d 1025, 1027 (Utah App. 1993) (finding that plaintiff did not submit any evidence showing defect, but "only alleged that because she was injured, the elevator must have been defective"), cert. denied, 913 P.2d 749 (Utah 1996).

The developing law in other jurisdictions does not suggest an irresistible trend in the other direction which would lead Utah to change its position. It is clear that in many states circumstantial evidence, whether expert or not, may support a manufacturing defect claim. See, e.g., Orth, 980 F.2d at 636 (interpreting Kansas law); Weir v. Federal Ins. Co., 811 F.2d 1387, 1392 (10th Cir. 1987) (interpreting Colorado law); Grover Hill Grain Co. v. Baughman-Oster, Inc., 728 F.2d 784, 793 (6th Cir. 1984) (interpreting Ohio law); Martin v. Unit Rig & Equip. Co., 715 F.2d 1434, 1439 (10th Cir. 1983) (interpreting New Mexico law); Shipton Supply Co., Inc. v. Bumbaca, 505 P.2d 591, 594 (Wyo. 1973) ("[A]bsent scientific analysis of the defect the defectiveness of a product may be proved by circumstantial evidence . . . .").[3]

---

[3] For other states that follow this rule, see Anderson v. Chrysler Corp., 403 S.E.2d 189, 193 (W. Va. 1991) (Arkansas, Hawaii, Idaho, Illinois, Minnesota, Nevada, New Hampshire, New York). Additionally, this position is explained in Christopher H. Hall, Annotation, Strict Products Liability: Product Malfunction or Occurrence of Accident as Evidence of Defect, 65 A.L.R. 4th 346, 354-58 (1988), which lists the following jurisdictions as holding that plaintiff can make a prima facie case of defectiveness by proving the fact of a malfunction or the occurrence of an accident in conjunction with other circumstantial evidence: Arizona, California, Connecticut, the District of Columbia, Florida, Iowa, Kansas, Louisiana, Maryland, Montana, New Jersey, North

Although the substantive law of Utah applies in a diversity products liability case, federal law controls as to whether there was sufficient evidence to warrant submitting this case to a jury. See Orth, 980 F.2d at 635; Martin, 715 F.2d at 1438. We review *de novo* the grant of judgment as a matter of law. Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1450 (10th Cir. 1997). Federal Rule of Civil Procedure 50(a)(1) allows the district court to grant a motion for judgment as a matter of law "if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); see Grasmick v. Otis Elevator Co., 817 F.2d 88, 90 (10th Cir. 1987). Judgment as a matter of law is proper only when the evidence and all the inferences to be drawn therefrom, viewed in the light most favorable to the nonmoving party, is "so patently in favor of the moving party that a jury verdict in favor of the opposing party would be improper and would have to be set aside by the trial judge." Peterson v. Hager, 724 F.2d 851, 853-54 (10th Cir. 1984).

A trial court should determine what constitutes a sufficient amount of circumstantial evidence for a case to go to a jury after the plaintiff has rested her case. Because it appears that this stage of the case had not been reached when the trial court ruled, it is necessary to remand for a new trial. Therefore, we do not decide the

_____

Dakota, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Washington, and Wisconsin.

8

procedural errors raised by Plaintiff.

Defendant moved to strike from consideration by this court the affidavits of counsel involved in this case, which were offered by Plaintiff in her Motion to Correct the Record. Because none of the material that Defendant finds objectionable was considered in the disposition of this case, the Motion to Strike is denied. See Osborne v. Babbitt, 61 F.3d 810, 814 (10th Cir. 1995).

We therefore AFFIRM the district court's ruling on Plaintiff's expert witness, REVERSE the district court's grant of the motion for judgment as a matter of law, DENY Defendant's Motion to Strike, and REMAND for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.