**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHN HERMAN,

       Plaintiff - Appellant,

v.

CORRECTIONAL MEDICAL
SERVICES, INC., a Missouri
corporation sued under diversity
jurisdiction; JOHN COYLE, MD,

       Defendants - Appellees,

   and

JEFF DEISS, former physician's
assistant and individually;
GEOFFREY GREEN, registered nurse
and individually,

       Defendants.

No. 02-8089
(D.C. No. 00-CV-191-D)
(D. Wyoming)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff John Herman, proceeding pro se, appeals from an order of the district court granting judgment to defendants following a bench trial in this matter filed pursuant to 42   U.S.C.  § 1983.  We affirm.

In 1975, when Mr. Herman was thirteen, he experienced a spontaneous staphylococcus infection of his left hip joint which required hospitalization and surgery.  As a result, his left leg was 1.1 cm. shorter than his right, causing him to walk with a limp.  Mr. Herman's physician, Dr. Behrens, told him that he would most likely require total hip replacement surgery in the future.

In October 1998, Mr. Herman was incarcerated in the Wyoming State Penitentiary to serve a ten to twenty-year sentence for robbery.  Defendant, Correctional Medical Services, Inc. (CMS), was contracted to supply medical personnel for the penitentiary.  In May 1999, Mr. Herman began complaining of pain in his hip.  The contracted physician, Dr. Coyle, prescribed an anti-inflammatory drug.  He renewed that prescription several times.  Mr. Herman continued to complain of pain and in December 1999, Dr. Coyle ordered x-rays

and increased the dose of the anti-inflammatory. The x-rays showed "[s]evere degenerative changes" in Mr. Herman's hip. Rec. Vol. 2, tab 49, ex. B at 153. Dr. Coyle ordered a heel lift, the receipt of which was delayed many months. In the interim, the physician's assistant, Mr. Deiss, attempted to obtain the heel lift, fashioned a temporary heel lift, and prescribed additional medications. In March 2000, Dr. Coyle referred Mr. Herman to an orthopedic surgeon who stated that Mr. Herman might be a candidate for hip replacement surgery "some time in the future." Id. at 232. He recommended additional studies related to Mr. Herman's previous infection be performed. Id. at 232. He also ordered a heel lift. Dr. Coyle ordered the recommended tests.

In April 2000, Dr. Coyle saw Mr. Herman, determined that the anti-inflammatory he had been taking was no longer effective and ordered a different one. Mr. Herman apparently received little relief from the anti-inflammatory and in May 2000, Mr. Deiss ordered a crutch and a narcotic pain reliever. Dr. Coyle saw Mr. Herman in June 2000, and ordered another orthopedic consultation. He also placed Mr. Herman on work restriction. In late June, Mr. Deiss admitted Mr. Herman to the infirmary and ordered a stronger narcotic to relieve his pain. Mr. Herman saw a different orthopedic surgeon, Dr. Barrasso, in July 2000. Dr. Barrasso determined that Mr. Herman needed hip replacement surgery. The surgery was performed in August 2000. Mr. Herman

-3-

recovered well from the surgery and has not experienced any further problems. See id. Vol. 15, at 529 ("[I]t's like I haven't been this pain-free since I was 14.").

Mr. Herman, proceeding pro se, commenced this action in October 2000, alleging violations of the First and Eighth Amendments to the United States Constitution and various pendent state claims. He alleged the medical staff were deliberately indifferent to his serious medical needs and had retaliated against him because he had filed many grievances complaining of the lack of treatment. Mr. Herman alleged he was subjected to more than one year of "extreme and chronically incapacitating pelvic pain" which resulted "in complete bedridden incapacitation and physical suffering." Id. Vol. 1, tab 1 at 3. Mr. Herman also alleged he was subjected to inhumane conditions while in the infirmary because his cell was not cleaned, the bed linens were not changed, and he was subjected to "continuously sweltering heat and lack of ventilation." Id. at 13.

The district court granted summary judgment to defendants Deiss and Green on all of Mr. Herman's claims against them. The court also granted summary judgment to CMS and Dr. Coyle on Mr. Herman's First Amendment and pendent state claims. Thus, trial proceeded against CMS and Dr. Coyle only on Mr. Herman's Eighth Amendment claims relating to his hip problems and unsanitary infirmary conditions. See id. Vol. 7, tab 96 at 1-2.

-4-

Following an eight-day bench trial, the district court entered judgment for the defendants. The court stated that defendants had provided Mr. Herman, and other inmates, "sub-standard medical care," as "[n]o individual, even a prisoner, deserves to have his or her pain met with the callous disinterest that Plaintiff frequently encountered." Id. Vol. 12, tab 193 at 11. The court concluded, however, that plaintiff had not established an Eighth Amendment violation. The court concluded that Mr. Herman had only presented evidence showing that his opinion as to the medical care he should have received differed from the care provided. Defendants presented expert medical evidence that the care provided was medically proper, Mr. Herman had received sufficient pain medication, and his surgery was not delayed. The court held that "notwithstanding the Court's impressions and concerns regarding slipshod medical treatment, Plaintiff has failed to meet his burden to establish, by a preponderance of the evidence, that Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to a serious medical condition." Id. at 12.

On appeal, Mr. Herman argues that he presented sufficient evidence to show that his Eighth Amendment rights were violated, noting in particular that the district judge made comments at trial about defendant's expert witnesses being hired mouthpieces and stated in the finding of facts and conclusions of law that Mr. Herman had received sub-standard medical care. He further contends that

Dr. Coyle's testimony was conflicting and that Dr. Coyle went "doctor shopping" in order to find a doctor who agreed with his approach. Mr. Herman does not challenge the district court's determination that the conditions in the infirmary during his stay there did not violate constitutional standards. He maintains the district court erred in not appointing counsel for him and in not permitting him to present Dr. Behrens as a witness. Mr. Herman does not contest the district court's dismissal of his remaining claims and defendants.

When a prisoner plaintiff alleges that he received inadequate or delayed medical care which violated his Eighth Amendment rights, he must show that prison officials were "deliberately indifferent" to his "serious medical needs." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).

> Eighth Amendment claims alleging inadequate or delayed medical care thus involve both an objective and a subjective component, such that we must determine both whether the deprivation is sufficiently serious and whether the [government] official acted with a sufficiently culpable state of mind. . . . [A] [d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm.

Id. (quotations and citations omitted).

Accordingly, Mr. Herman must objectively show that his need for hip replacement surgery was "sufficiently serious" and that defendants' "delay in meeting that need caused him substantial harm." Id. at 1277 (quotation omitted).

He must also "allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health or safety." Id. (quotation omitted).

All parties agree that Mr. Herman met the objective element of showing that he had a serious medical need. Mr. Herman argues that he also presented sufficient evidence to meet the remaining elements. Because he failed to move for judgment as a matter of law at the close of all the evidence, see Fed. R. Civ. P. 52(c), Mr. Herman has waived appellate review of whether he met his burden of proof. See Richards v. City of Topeka, 173 F.3d 1247, 1253 n.4 (10th Cir. 19 99). Even if he had properly preserved his claim, however, having reviewed the district court's factual findings for clear error and its legal conclusions de novo, we hold that the evidence was sufficient to support the district court's findings. See Nieto v. Kapoor, 268 F.3d 1208, 1217 (10th Cir. 2001). The particular points Mr. Herman notes do not undermine the fact that the district court's judgment comports with the evidence presented at trial.

Mr. Herman argues the district court should have appointed counsel to represent him. We review the district court's decision not to appoint counsel for an abuse of discretion. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Mr. Herman clearly understood the fundamental issues in his case and presented them intelligently and coherently both in his pleadings and at trial, the

issues were not "particularly complex," and he did not present any "special circumstances." Id. While Mr. Herman presented valid evidence which supported some of his allegations, overall, he had little chance of success on the merits. Id. Having reviewed the record independently, based on the factors identified in Rucks, we conclude that the district court did not abuse its discretion in denying Mr. Herman's motion seeking appointed counsel.

Mr. Herman also contends the district court erred in not permitting him to call Dr. Behrens to testify as to the treatment he received for his original hip infection and as to his opinion that Mr. Herman would require hip replacement surgery at some point in the future. We review the district court's decision not to call a requested witness for an abuse of discretion. See Taylor v. Cooper Tire & Rubber Co., 130 F.3d 1395, 1397 (10th Cir. 19 97) (addressing admissibility of expert testimony); Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc., 295 F.3d 1065, 1074-75 (10th Cir. 2002) (addressing admission of lay opinion testimony). The record shows that defendants stipulated to any facts Dr. Behrens might present as to the surgery and care he gave Mr. Herman twenty-five years before his hip replacement surgery. See Rec. Vol. 9, tab 127. Thus, the district court properly denied Mr. Herman's request to call Dr. Behrens.

The record shows that Mr. Herman did not receive medical care that violated his Eighth Amendment rights. The district court credited Mr. Herman's

testimony as to the severity of his pain.  <u>See</u> Rec. Vol. 12, tab 193 at 11 ("Plaintiff's own description of the intense pain he suffered is undeniably credible and is further bolstered by the testimony of his fellow inmates and members of the WSP security staff.").  However, even if defendants gave inadequate attention to Mr. Herman that rose to the level of "callousness" or medical malpractice, <u>see</u> <u>id.</u>, he has, nonetheless, failed to establish an Eighth Amendment violation.

The prison officials who testified to seeing Mr. Herman's condition deteriorate and to seeing him in pain admitted that they were unaware of the treatment and pain medications he was receiving.  Mr. Herman was receiving pain medication regularly, when he requested it.  Uncontroverted testimony was received that the proper medical approach was to require that the patient ask for such medication rather than receive it automatically.  The record contains no showing that surgery was recommended more than one month before he received it.  A one-month delay does not amount to cruel and unusual punishment.  The progression of treatment with surgery as the last option is also medically acceptable and does not amount to cruel and unusual punishment.

Thus, although Mr. Herman admittedly had a serious medical condition, he has not shown any violation of his Eighth Amendment rights.  Mr. Herman's disagreement with the care he received does not establish a constitutional

violation.  See Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

The judgment of the district court is AFFIRMED.  Appellee's motion to strike Mr. Herman's Opening Brief on Appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge