**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS PLUSTWIK, an individual,

Plaintiff - Appellant,

v.

VOSS OF NORWAY ASA, a New
York corporation,

Defendant - Appellee.

No. 13-4089
(D.C. No. 2:11-CV-00757-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Plaintiff Thomas Plustwik initiated the present suit in Utah state court

against Defendant VOSS of Norway following an injury, which Plaintiff alleged

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

he received from a bottle of Voss brand sparkling water which apparently exploded upon being bumped by another bottle when the box containing both bottles was jostled. The injury occurred while Plaintiff was stocking Voss bottled water into a refrigerator near the bar seating area of a Salt Lake City restaurant where Plaintiff was an employee.

Plaintiff filed a complaint in Utah State court alleging five causes of action: (1) strict product liability, (2) negligence, (3) breach of express warranties, (4) breach of implied warranty of merchantability, and (5) breach of implied warranty of fitness for a particular purpose. The suit was subsequently removed to the United States District Court for the District of Utah on diversity grounds. Once in federal court, Defendant filed a motion for summary judgment. The district court concluded that Plaintiff failed to submit admissible evidence to support necessary elements of all of his claims. Therefore, the district court entered summary judgment in favor of Defendant.

Plaintiff now appeals that judgment. Having carefully considered the record and briefs on appeal, we find no error in the district court's ultimate decision to grant Defendant's motion for summary judgment. Plaintiff failed to submit admissible evidence to support necessary elements of his strict product liability claim. Under Utah law, a plaintiff in a strict product liability case must show: "(1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the product was sold,

and (3) that the defective condition was a cause of the plaintiff's injuries." *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1279 (10th Cir. 2003) (quoting *Burns v. Cannondale Bicycle Co.*, 876 P.2d 415, 418 (Utah Ct. App.) (internal quotation marks omitted)); *see also* Utah Code Ann. § 78B-6-703. "Accordingly, it is not enough to simply show that the product failed." *Burns*, 876 P.2d at 418. The record shows that Plaintiff proffered no admissible evidence to the district court which could support allegations of any defect recognized by Utah law as giving rise to product liability in Defendant's product. *Riggs v. Asbestos Corp. Ltd.*, 304 P.3d 61, 68 (Utah Ct. App. 2013) ("Utah law recognizes three types of product defects: design defects, manufacturing flaws, and inadequate warnings regarding use.") (internal quotation marks omitted); *see also Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 867 (10th Cir. 2003) (discussing factors germane to determining the existence of the three types of defect which can support a products liability claim under Utah law). Furthermore, Plaintiff put forth no evidence that could show any of the defects he alleged in his complaint existed at the time the product was sold. In the absence of evidence establishing any defect, Plaintiff's case relies entirely on the fact that Defendant's product failed, which, as mentioned above, "is not enough" to support a strict products liability claim. *Burns*, 876 P.2d at 418. Since Plaintiff failed to submit any admissible evidence to support necessary elements of strict product liability, his strict product liability claim cannot survive summary judgment.

This failure to submit any admissible evidence of a defect in Defendant's product necessarily causes Plaintiff's negligence claim to fail, since a negligence claim stemming from product liability, such as Plaintiff's, still requires at least some evidence of defect. *Bishop v. GenTec Inc.*, 48 P.3d 218, 225-26 (Utah 2002).

Finally, there is no evidence in the record that Defendant created or breached any warranties under the theories Plaintiff asserts in his three remaining claims. *See* Utah Code Ann. § 70A-2-313 (stating elements of express warranties); § 70A-2-314 (stating elements of warranties of merchantability); § 70A-2-315 (stating elements of implied warranties of fitness).

For the foregoing reasons, we **AFFIRM** the district court's decision granting Defendant's motion for summary judgment. Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge