Michele L. **RICHARDS**, Plaintiff,

v.

**CITY OF TOPEKA**, Defendant.

Civil Action No. 95–4037–DES.

United States District Court,
D. Kansas.

July 1, 1996.

Amy C. Bixler, Alan G. Warner, Warner, Bixler & Associates, L.L.C., Topeka, KS, for plaintiff.

Ann L. Hoover, Bennett & Dillon, Topeka, KS, David D. Plinsky, Office of City Attorney City of Topeka, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion for Partial Summary Judgment. (Doc. 45). Also before the court are two plaintiff's Motion(s) for Partial Summary Judgment. (Docs. 46 and 53).

## I. BACKGROUND

The facts of this case are not complicated. The plaintiff, Michele Richards ("Richards"), is employed as a firefighter by the Topeka Fire Department of the defendant, City of Topeka, Kansas. On or about October 20, 1993, Richards advised her supervisors that she was pregnant. As such, Richards was placed on light duty in keeping with the terms of the City of Topeka contract negotiated and signed by the International Association of Firefighters Local Union on behalf of the Civil Service City Firefighters. Richards makes no allegation that her pregnancy was unusual or abnormal.

After being placed on light duty status, Richards obtained a medical release from her attending physician, Dr. Josie Norris, stating that Richards could return to full duty until the twenty-eighth week of her pregnancy. It was the Topeka Fire Department's policy that once a pregnant firefighter was placed on light duty status, she was required to remain on light duty status until her pregnancy ended. Hence, Richards was unsuccessful at being placed back on regular duty.

Prior to being given light duty status, Richards' regular shift schedule was twenty-four hours on duty, twenty-four hours off duty, twenty-four hours on duty, twenty-four hours off duty, twenty-four hours on duty, then four days off duty.

Richards has filed a two-count complaint alleging employment discrimination. The first count falls under § 703(a) of the Civil Rights Act of 1964; Title VII, 42 U.S.C. § 2000e–2(a) and 42 U.S.C. § 2000e(k) (the Pregnancy Discrimination Act of 1978). The second count comes under the Americans with Disabilities Act of 1990; 42 U.S.C. § 12101, *et seq.*

## II. DISCUSSION

### A. The Standard for Summary Judgment

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1985).

The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat'l Lab.,* 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1985). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2552–53.

■ Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting Fed.R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552–53.

■ A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues").

■ The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. at 2511.

### B. The Pregnancy Discrimination Act

Richards contends that the terms, conditions, and privileges of her employment (i.e., her hours, work schedule, available leave and holiday pay) were altered merely because she was in her first trimester of pregnancy. According to Richards, Topeka Fire Department committed unlawful employment practices through its pregnancy policy because the policy excludes pregnant firefighters from full duty responsibilities. This, claims Richards, effectively limited, segregated, classified and deprived her of full duty firefighting employment, thereby adversely affecting her status as an employee.

■ Richards has filed a motion for summary judgment on her first claim for violation of her civil rights under Title VII, 42 U.S.C. § 2000e–2(a) which states:

It shall be an unlawful employment practice for an employer

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

Congress crafted the Pregnancy Discrimination Act of 1978 ("PDA") and further defined what sex discrimination was:

The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work....

42 U.S.C. § 2000e(k). The PDA was designed to " 'prevent the differential treatment of women in all aspects of employment based on the condition of pregnancy.' " *E.E.O.C. v. Ackerman, Hood & McQueen, Inc.*, 956 F.2d 944, 947 (10th Cir.1992) (quoting *Carney v. Martin Luther Home, Inc.*, 824 F.2d 643, 646 (8th Cir.1987)).

██ The defendant is asserting a business necessity defense, i.e., discrimination is permissible in certain instances where sex discrimination is reasonably necessary to the normal operation of a particular business.[1] In essence, the fire department contends that being pregnant interferes with a firefighter's ability to perform her job, specifically entering and ventilating buildings (including burning structures; raising and climbing ladders; use of chemical extinguishers and operating equipment.)

Richards maintains that she was informed by the fire chief during a phone conversation that the sole reason she was being placed on light duty was for the good and safety of the fetus. The defendant emphatically denies this and contends that Richards was placed on light duty in compliance with the union contract. This dispute over what was said is a factual issue, one that must be considered by the jury.

██ The defendant asserts that during negotiations between the union and the City of Topeka, the plaintiff herself proposed the very pregnancy provision to the union negotiating team of which she now complains. The defendant contends Richards should be estopped from taking a contrary position to her prior actions. Conversely, Richards avows that she has no personal knowledge as to the pregnancy policy origins. She claims that she made no formal presentation during contract negotiations and only offered that "as long as it was voluntary," she would consider a light-duty pregnancy policy to be acceptable. Again, this is another factual dispute which must be decided by the trier of fact.

## C. The Americans with Disabilities Act

Both the plaintiff and defendant are seeking summary judgment on Count II of the Amended Complaint which alleges that Richards was discriminated against in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et. seq. After examining all of the pleadings, the court finds that defendant's motion for partial summary judgment should be granted as to Count II of the amended complaint.

██ It is well established that to bring forth an ADA claim a person must establish that she is disabled. See White v. York Intern. Corp., 45 F.3d 357 (10th Cir. 1995). Whether pregnancy qualifies as a disability under the ADA was addressed by this district in Gudenkauf v. Stauffer Communications, Inc., 922 F.Supp. 465 (D.Kan. 1996).[2] In Gudenkauf, the court found that "[p]regnancy is a physiological condition, but it is not a disorder. Being the natural consequence of a properly functioning reproductive system, pregnancy cannot be called an impairment." Id. at 473. The court finds the reasoning in Gudenkauf to be sound and persuasive and as such follows with a similar holding, i.e., that Richards cannot show that she suffered from a disability and as a matter of law her claim under the ADA should be summarily dismissed.

IT IS THEREFORE ORDERED BY THE COURT that plaintiff's Motion for Partial Summary Judgment (Doc. 46) as to Count I of the amended complaint regarding the Pregnancy Discrimination Act of 1979 is denied.

IT IS FURTHER ORDERED that defendant's Motion for Partial Summary Judgment (Doc. 45) on Count II of the amended complaint regarding the Americans with Disabilities Act is granted and the plaintiff's Motion for Partial Summary Judgment (Doc. 53) on Count II of the amended complaint is denied.

---

1. This exception is known as the Bona Fide Occupational Qualification (BFOQ) exception. See Dothard v. Rawlinson, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977).

2. The counsel representing Richards in the instant case are the same as those who brought forth the ADA claim on behalf of the plaintiff in Gudenkauf.