F I L E D
United States Court of Appeals
Tenth Circuit

MAR 24 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

MICHELLE L. RICHARDS,
Firefighter, City of Topeka Fire
Department,

     Plaintiff - Appellant,

v.

CITY OF TOPEKA,

     Defendant - Appellee.

No. 97-3339

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-4037-DES)**

---

Alan G. Warner, Topeka, Kansas, for the Plaintiff - Appellant.

Ann L. Hoover, Topeka, Kansas, for the Defendant - Appellee.

---

Before **KELLY**, **McKAY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Michele Richards, an apparatus operator for the City of Topeka Fire

Department, filed suit in district court against the City under the Americans with

Disability Act ("ADA") and the Pregnancy Discrimination Act ("PDA") claiming

that the City's policies and collective bargaining agreement with her union discriminated against her by regarding her pregnancy as a disability. The trial court granted the City's summary judgment motion on the ADA claim; the PDA claim proceeded to trial, and the jury returned a verdict for the City. Richards now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I

In October 1993, appellant informed her employer, for whom she had worked for more than seven years, that she was pregnant. The Fire Department promptly removed Richards from her regular duties for the duration of her pregnancy, in accordance with the collective bargaining agreement between the City and the firefighters' union, and reassigned her to "light" duty. Richards's regular duties had included driving a fire truck, operating water pumps, and dragging hoses to the appropriate location for use by the Fire Department; if called to respond to a major fire, she would have to perform all duties of a firefighter. While on reassignment, she received her normal salary and benefits, and continued to accumulate the seniority attached to the bargaining unit position from which she had been reassigned.

During her reassignment but before the end of her pregnancy, Richards requested a return to full duty. In support of this request, she presented to her superiors a medical release from her obstetrician stating that she was capable of

performing her former responsibilities until the twenty-eighth week of her pregnancy.[1] Citing its internal policies and contractual agreement with the firefighters' union, however, the Fire Department refused to allow her to return to full duty. In response, Richards filed suit in federal district court, alleging that the City's refusal constituted illegal discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2a of ("Title VII"), the PDA, 42 U.S.C. § 2000e(k), and the ADA, 42 U.S.C. § 12101.

Before trial, the court granted the City's summary judgment motion on Richards's ADA claim, and denied Richards's motion for summary judgment on her PDA claim, finding that material facts were in dispute. See Richards v. City of Topeka, 934 F. Supp. 378, 382 (D. Kan. 1996). At the end of the ensuing trial, the jury found in favor of the City on the PDA claim. Richards asks us to review the district court's disposition of the pre-trial motions, as well as its exclusion of evidence at trial and its denial of four proposed jury instructions.

## II

"We review the grant or denial of a motion for summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c)." Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 797 (10th

---

[1]At the time of her reassignment, Richards had been pregnant for ten weeks.

Cir. 1997) (citation omitted).  Summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

## A. ADA Claim

The district court granted the City's summary judgment motion on

Richards's ADA claim because it concluded that her pregnancy did not qualify as

a disability under the ADA.  See Richards, 934 F. Supp. at 382 (citing Gudenkauf

v. Stauffer Communications, Inc., 922 F. Supp. 465, 473 (D. Kan. 1996)).

Richards concedes that "her pregnancy did not impair or substantially limit a

major life activity, nor did it impair her ability to work," Appellant's Br. at 13,

and we therefore presume that Richards's pregnancy, from which she suffered no

medical complications, does not constitute a disability under 42 U.S.C.

§ 12102(2)(A). [2]

---

[2]Although the parties' positions do not require us to decide the issue today, we do note that numerous district courts have concluded that a normal pregnancy without complications is not a disability under 42 U.S.C. § 12102(2)(A).  See, e.g., Gabriel v. City of Chicago, 9 F. Supp.2d 974, 980-81 (N.D. Ill. 1998); Gudenkauf, 922 F. Supp. at 473; Jessie v. Carter Health Care Ctr., 926 F. Supp. 613, 616 (E.D. Ky. 1996).  Furthermore, regulations promulgated by the EEOC explicitly state that "conditions, such as pregnancy, that are not the result of a physiological disorder are . . . not 'impairments.'"  29 C.F.R. § 1630 app. § 1630.2(h).  See also Sutton v. United Air Lines, Inc., 130 F.3d 893, 899 (10th Cir. 1997), cert. granted on other grounds (citing regulation).

Richards argues, however, that she is disabled within the meaning of § 12102(2)(C), which provides that an individual "regarded [by an employer] as having . . . an impairment" defined under § 12102(2)(A) can proceed under the ADA notwithstanding the fact that she would not otherwise be considered statutorily disabled. Richards advances two factual bases for her § 12102(2)(C) argument. First, she claims her reassignment established that the City regarded her pregnancy as an impairment. Second, she notes that the provision of the 1993-95 City of Topeka Firefighters Union contract stipulates that pregnancy and other pregnancy related illnesses "shall be considered as temporary medical disabilities and shall be treated as such," see Appellant's App. at 228 demonstrating that the City regarded her as disabled.

Richards's argument is premised on a faulty reading of the ADA and the regulations promulgated under it. In order for Richards to satisfy the statutory definition of "regarded as" having an impairment, she must prove she

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) Has none of the impairments defined in paragraphs (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2( *l*). Richards argues that the City illegally discriminated against her under § 1630.2( *l*)(3) by treating her as having a "substantially limiting impairment," although her pregnancy does not constitute a physical impairment under paragraphs (h)(1) and (2). Her interpretation of § 1630.2( *l*)(3) reads an exception into the ADA's definition of disability that would swallow the statute itself, enabling prospective plaintiffs to claim discrimination against disabilities that are excluded from coverage by the Act. Moreover, the EEOC's interpretive guidelines for the term "substantial limitation in a major life activity" clearly bars appellant's argument. "An individual satisfies the third part of the 'regarded as' definition of 'disability' if the employer or other covered entity erroneously believes the individual has a substantially limiting impairment that the individual actually does not have." 29 C.F.R. § 1630 app. § 1630.2( *l*). Because Richards concedes her pregnancy is not a substantially limiting impairment under the ADA, her claim does not remotely fall within this definition.

Nor does the use of the term "temporary disability" to describe pregnancy in the collective bargaining agreement between appellant's union and appellee, and the reassignment of someone with such a contractually defined disability, constitute illegal discrimination under the ADA. The attachment of the word "disability" in a union contract to a condition that is not a disability for purposes

of the ADA does not magically transform the condition into one that is cognizable under the ADA. Of course, a collective bargaining agreement that would allow discrimination against people with disabilities in contravention of the ADA would be unenforceable. See 42 U.S.C. § 12111(2) (defining labor organizations as a "covered entity" under the ADA); 45 C.F.R. § 84.11(c) (providing, under the Rehabilitation Act of 1973 and made applicable to the ADA via 42 U.S.C. § 12201(a), that an employer's obligation to comply with the Act "is not affected by any inconsistent term of any collective bargaining agreement to which it is a party"). But it does not follow that the terms of the collective bargaining agreement concerning pregnancy create rights under the ADA simply because they include the term "disability."

We therefore affirm the district court's award of summary judgment to the City on appellant's ADA claim.

## B. PDA Claim

Richards argues that the district court erred in denying her summary judgment motion on her PDA claim. The court denied the motion because it found disputed factual issues in the City's assertion of two affirmative defenses: the "bona fide occupational qualification" (BFOQ) exception to Title VII and the PDA, and estoppel against Richards because she assisted in the union

negotiations that resulted in the collective bargaining agreement the City followed in reassigning her.   See Richards , 934 F. Supp. at 382.

Summary judgment issues based on factual disputes end at trial, and are not subject to appellate review.  The proper method for redress of a district court's denial of summary judgment based on factual issues is the filing of motions for judgment as a matter of law during and after trial.   See Wolfgang v. Mid-America Motorsports, Inc.   , 111 F.3d 1515, 1521 (10th Cir. 1997) (citing Whalen v. Unit Rig, Inc.   , 974 F.2d 1248, 1250-51 (10th Cir. 1993)).  Appellant does not dispute appellee's claim that she failed to file any motions for judgment as a matter of law during or after trial; instead, she asserts that the City could not utilize a BFOQ defense as a matter of law.  Because the denial of summary judgment on a purely legal question is appealable after final judgment,   see Wilson v. Union Pacific R.R. Co.   , 65 F.3d 1226, 1229 (10th Cir. 1995), she argues, we may consider her appeal.

Under the PDA, the City can raise a BFOQ as an affirmative defense.   See 42 U.S.C. § 2000e-2(e)(1) (allowing, under Title VII, an employer to discriminate where a BFOQ "is reasonably necessary to the normal operation of [a defendant's] particular business or enterprise");   International Union UAW v. Johnson Controls , 499 U.S. 187, 204 (1991) (concluding that a BFOQ   defense is available under the PDA when "pregnancy actually interferes with the employee's

ability to perform the job"). Richards's argument that the City is barred from this defense because less discriminatory means were available to handle pregnant firefighters requires conclusions about facts that were in dispute. At best, appellant's summary judgment motion raised a mixed questions of law and fact, rather than a pure question of law. We therefore do not review Richards's appeal of the district court's denial of her motion for summary judgment. [3]

### III

We review de novo whether the instructions read to a jury, taken as a whole, "correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards," and we consider a district court's decision on whether to give a particular instruction for abuse of discretion. Allen v. Minnstar, 97 F.3d 1365, 1368 (10th Cir. 1996) (citations omitted).

Reviewing the instructions, we conclude that the trial court properly instructed the jury on the definitions, legal standards, and affirmative defenses of the relevant law. The judge cited and quoted extensively from Title VII and the

_____

[3]Because we base our refusal to review the district court's denial of appellant's summary judgment motion on the disputed material facts concerning the City's BFOQ defense, we need not address the question of whether estoppel is available as a matter of law where a plaintiff may have assisted in the bargaining over a contract whose provisions the plaintiff challenges under Title VII and the PDA.

PDA, clearly listing the statutory elements that plaintiff was required to prove to prevail on her discrimination claim, and accurately paraphrasing the statutory definition of BFOQ. Appellant's first proposed instruction discussed a disputed issue of fact, the second merely placed in a somewhat different context the same statutory language that the judge ultimately used to instruct the jury, and the third and fourth concerned the BFOQ defense, on which the trial court provided adequate instructions. The court's refusal to include appellant's proposed instructions was not an abuse of its discretion.

As to the court's instructions on two of the City's affirmative defenses, the jury's response to the first question on its verdict form—whether the City had intentionally discriminated against Richards—ended its deliberations, because the form instructed the jury that if its first answer was "NO," its inquiry was over. [4] Therefore, there is no evidence that the jury considered either defense in reaching its verdict. Even if the trial court erred in instructing the jury on the estoppel and business necessity defenses, the error is harmless because "the erroneous instruction could not have changed the result of the case." Lusby v. T.G. & Y. Stores, Inc., 796 F.2d 1307, 1310 (10th Cir. 1986); see also Hopkins v. Seagate,

---

[4]Appellant waived her right to challenge the sufficiency of the evidence for the jury's verdict by failing to file a motion for judgment as a matter of law under Fed. R. Civ. P. 50. See FDIC v. United Pac. Ins. Co., 20 F.3d 1070, 1076 (10th Cir. 1994).

30 F.3d 104, 106-07 (10th Cir. 1994) (finding any error in instruction for remedy to be harmless where jury returned a verdict against plaintiff on the substantive claim).

**IV**

The appellant attempted to offer into evidence language from a subsequent collective bargaining agreement between her union and the City, and to call as a witness a union attorney who participated in the grievance proceedings between Richards and the City. The appellant thereby hoped to show that pregnancy is no longer grounds for immediate light duty assignment for female firefighters, as it was in the 1995-1997 contract, and that pregnancy therefore could not constitute a BFOQ. We review the district court's decision excluding evidence and a witness for abuse of discretion. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995).

Before trial, the district court granted the City's motion in limine prohibiting Richards from introducing the 1995-1997 contract. Because the provisions in the later contract concerning the reassignment of pregnant firefighters were the result of settlement negotiations between the City and female firefighters arising out of the grievance process initiated by appellant, the trial court considered them inadmissible. Fed. R. Evid. 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in

> compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

As her attorneys' August 5, 1994, letter to the City's representative demonstrates, Richards considered the change in the contractual provision to be "valuable consideration" during the settlement negotiations. This gave the district court ample grounds for its ruling, and we do not consider it an abuse of discretion to exclude this evidence.

V

For the reasons stated above, we AFFIRM the judgments of the district court.