**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENISE ANDERSON,

      Plaintiff - Appellant,

v.

GENERAL MOTORS
CORPORATION,

      Defendant - Appellee.

No. 97-3388
(D.C. No. 96-CV-2090)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY** and **LUCERO**, Circuit Judges.

      Denise Anderson appeals the district court's grant of summary judgment for

defendant General Motors Corporation ("GM") on her discrimination claim under

the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to

28 U.S.C. § 1291, and affirm.

      Appellant Anderson began working at GM in 1982. Until 1988, her job

was limited to applying sealant to the seams of automobile bodies. Beginning in

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

1988, GM, as part of its collective bargaining agreement, required all of its employees at Anderson's plant to perform various jobs as members of teams. Complaining that she was unable to learn her new tasks, and claiming work-related stress, Anderson sought medical treatment in March 1988. GM thereupon placed Anderson on a leave of absence.

In 1989, Anderson sued GM, alleging violation of the Vocational Rehabilitation Act and intentional infliction of emotional distress. The district court summarily dismissed the Rehabilitation Act claim, and ordered a directed verdict for GM on the state law tort claim. Anderson unsuccessfully appealed the district court's rulings.

In August 1992, GM recalled Anderson to work. But on the same day she returned to work, GM informed her that the recall was a mistake because she was still on a leave of absence. In 1995, Anderson again sued GM,[1] alleging intentional infliction of emotional distress, and claims for discrimination and unlawful retaliation under the ADA. The district court granted summary judgment for GM on the ADA discrimination and state law emotional distress claims. The jury returned a verdict for GM on the ADA retaliation claim. Anderson now appeals the district court's grant of summary judgment on her

---

[1]In 1996, appellant filed another suit against GM containing essentially the same allegations as her 1995 suit. She also separately sued the United Auto Workers Local 31. The district court ordered all three cases consolidated.

disability discrimination claim.  She does not appeal her retaliation and state law tort claims.

We review de novo a grant of summary judgment, applying the same legal standard as that used by the district court.  See Phelps v. Hamilton, 122 F.3d 1309, 1317 (10th Cir. 1997).  Summary judgment is proper if, viewing the evidence in the light most favorable to the nonmoving party, we conclude that there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a matter of law.  See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).

To prevail in a disability discrimination case, the claimant must show that (1) she is a disabled person within the meaning of the ADA; (2) she can perform the essential functions of her job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability.  See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1173 (10th Cir. 1996).  Thus, to survive summary judgment in this case, Anderson must show, as a threshold matter, that she is a disabled person within the meaning of the ADA.[2]

_____

[2]Appellant claims that GM regarded her as disabled within the meaning of 42 U.S.C. § 12102(2) because "[i]n order to keep its defense contracts, GM was required to hire handicapped persons" like her.  Appellant's Br. at 1.  Thus, GM "specifically hired [her] because she was disabled."  Id. at 25.  GM's classification of Anderson as disabled for hiring purposes is not dispositive of whether her condition—or GM's perception of her condition—meets the definition of "disability" under 42 U.S.C. § 12102(2).  See Richards v. Topeka, — F.3d — , 1999 WL 159962 (10th Cir. Mar. 24, 1999) at *2-3

For purposes of the ADA, a person is disabled if he or she has a physical or mental impairment that substantially limits one or more of his or her major life activities. See 42 U.S.C. § 12102(2). The district court found, and GM concedes, that Anderson has a mental impairment. She suffers from a learning disability and mild mental retardation. Thus, the issue is whether Anderson's impairment substantially limits one or more of her major life activities. See Pack v. Kmart Corp., 166 F.3d 1300, 1304 (10th Cir. 1999).

Before the district court, Anderson expressly argued that she is substantially limited in the major life activities of working and taking care of her business affairs. On appeal, she continues to argue that she is limited in the major life activity of working. But she also argues for the first time that she is disabled in the major life activity of learning.[3]

Although learning is certainly a major life activity under the ADA, see 29 C.F.R. § 1630.2(I), we decline to address this argument because it was not presented to the district court. See Tele-Communications, Inc. v. Commissioner, 12 F.3d 1005, 1007 (10th Cir. 1993) (stating that "[t]he general rule is that an appellate court will not consider an issue raised for the first time on appeal.").

(holding that classification of a condition as a disability in a collective bargaining agreement does not implicate the "regarded as" branch of 42 U.S.C. § 12102(2) unless the condition substantially limits one or more major life activities).

[3]On appeal, Anderson does not present an argument, as she did below, that she is limited in the major life activity of "taking care of her business affairs."

In her opposition to GM's summary judgment motion, Anderson specifically restricted her arguments as to whether her disability substantially limits one or more major life activities to the major life activity of working and taking care of her own business affairs. See II R. at 320-21 (Plaintiff's Response to Motion for Summary Judgment) ("Denise Anderson's disability limits two major life activities, to wit, her ability to take care of her own business and the major life activity of working."). The district court, in its memorandum and order granting summary judgment on Anderson's ADA discrimination claim, addressed precisely those two major life activities. See III R. at 575 ("Plaintiff argues that her mental impairments substantially limited her major life activities of working and of taking care of her 'business affairs.'"). Because Anderson clearly chose to argue below only the major life activities of working and tending to her business affairs, we decline to consider an alternative theory presented for the first time. See Tele-Communications Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir. 1997).

We also conclude that Anderson fails to show that she is substantially limited in the major life activity of working. She has the burden of proving that her impairment disqualified her from performing a "class of jobs" or a "broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(I); Siemon v. AT&T Corp., 117 F.3d 1173, 1176 (10th Cir. 1997). In deciding whether Anderson

carries this burden, we look, inter alia, to the "the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(B).

Anderson argues that she can only perform a single-function job like the sealant application job she originally had at GM. As the district court found, however, Anderson produced no evidence to show that she is disqualified from other jobs within the area requiring the same skills and abilities she brought to her GM job. We have held that summary judgment may be appropriate when a plaintiff fails to produce evidence pertaining to "the geographical area to which [she] has access, or the number and type of jobs demanding similar training from which [she] was disqualified." Bolton v. Scrivner, Inc., 36 F.3d 939, 944 (10th Cir. 1994).

The district court's grant of summary judgment is, therefore, **AFFIRMED.**[4]

---

[4] Anderson has moved to strike GM's letters submitting supplemental authorities because the letters contained argument. See Fed. R. App. P. 28(j) ("the letter shall without argument state the reasons for the supplemental citations"). We agree that GM

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

violated Fed. R. App. P. 28(j), and thus grant Anderson's motion to strike.