**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEBORAH BELINDA JACKSON,

Plaintiff - Appellant,

v.

UNITED STATES POSTAL
SERVICE, POSTMASTER
GENERAL, JOHN E. POTTER,

Defendant - Appellee.

No. 01-3390
(D.C. No. 99-CV-2257-JWL)
(D. Kansas)
(162 F. Supp. 2d 1246)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Deborah Belinda Jackson, appearing *pro se*, appeals from a jury verdict in favor of the defendant, the United States Postal Service (USPS), on her complaint alleging violations of Title VII of the Civil Rights Act of 1964. Plaintiff also appeals the district court's grant of partial summary judgment in favor of defendant. We affirm.

The parties are familiar with the underlying facts, which are accurately and thoroughly set forth in the district court's order granting partial summary judgment in favor of USPS. *See Jackson v. United States Postal Serv.*, 162 F. Supp. 2d 1246 (D. Kan. 2001). Thus, we will not restate them here. We note only that the USPS terminated plaintiff and claimed it did so solely because she had been convicted of shoplifting. Plaintiff alleged her termination was motivated by her race, gender, and the fact that she had recently filed a complaint with the Equal Employment Opportunity Office (EEO) of the USPS. Following a trial, the jury returned a verdict finding that plaintiff had not proven that her termination was motivated by race, gender or retaliation.

Plaintiff makes the very general claim that the district court erred in granting partial summary judgment to the USPS on her sexual harassment, discriminatory failure-to-promote, and retaliatory failure-to-promote claims. She has not articulated any reason why she believes the summary judgment to have been in error, however. Plaintiff's perfunctory claim of error fails to frame

-2-

or develop any issue and is, therefore, insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). Moreover, we have conducted a *de novo* review of the summary judgment proceedings and, for substantially the reasons set forth in the district court's well-analyzed order, agree that the grant of partial summary judgment in favor of USPS was correct. *See Jackson*, 162 F. Supp. 2d at 1252-62.

Plaintiff also challenges the jury's verdict in favor of USPS on her discriminatory discharge and retaliatory discharge claims as not supported by the evidence. We review a jury verdict by determining whether the record, viewed in a light most favorable to the prevailing party, "contains substantial evidence to support the jury's decision." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1183 (10th Cir. 1999). "Because the jury 'has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact,' this standard of review is quite deferential to the jury's verdict." *Id*. at 1183-84 (quoting *Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 251 (10th Cir. 1987)).

Because plaintiff failed to move for a new trial or for judgment as a matter of law at the end of all the evidence, she has waived appellate review of the sufficiency of the evidence. *See Richards v. City of Topeka*, 173 F.3d 1247, 1253

n.4 (10th Cir. 1999). Even had the claim been properly preserved, however, we find the evidence sufficient to support the jury's findings. Plaintiff sought to prove at trial that USPS's claim that it terminated her because of her shoplifting conviction was unworthy of belief because it did not terminate a white male employee, James Butler, who plead *nolo contendre* to a charge of disorderly conduct. USPS presented evidence, however, that it concluded it lacked sufficient proof of wrongdoing to terminate Mr. Butler because his *nolo contendre* plea could not be used against him as evidence of guilt of the conduct allegedly underlying his conviction. Thus, there was evidence from which a jury could conclude that the two employees were not similarly situated and that USPS's termination of plaintiff was not motivated by racial or gender discrimination or in retaliation for her EEO complaint. Plaintiff also complains another white female stole from USPS several times, resigned and was later reinstated. No evidence relating to this individual was presented to the jury, however.

Plaintiff claims the district court erred in excluding the evidence of a fellow employee, Ms. Cruz. The district court excluded a portion of her proposed testimony as irrelevant. *See* Fed. R. Evid. 402. Ms. Cruz's proffered testimony was that she filed a grievance and later was moved from an office job to a mail sorting job. Ms. Cruz had never filed any grievance or claim alleging that the change in her job was retaliatory or otherwise violated Title VII and plaintiff

conceded she was not alleging that the change in Ms. Cruz's job responsibilities was part of a pattern and practice of discrimination. Further, there was no allegation that this job change was adverse or improper, no indication when the job change occurred relative to Ms. Cruz's grievance, and no indication of whether the action occurred in a similar time frame as plaintiff's allegations. The district court did not abuse its discretion in refusing to admit this evidence.

Plaintiff makes several conclusory claims: that the jury heard information it should not have; that the trial judge appeared to express an opinion about the case; and that jury instruction number 18 was not proper. She gives no explanation of what evidence she believes was improper, what the trial judge said that she objects to, or what she thinks was improper about the jury instruction, which appears to be a correct statement of the law. These allegations are simply too vague to review. *See Murrell*, 43 F.3d at 1389 n.2. Moreover, plaintiff waived her right to claim error in the instruction because she failed to raise any objection to this instruction at trial. *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1412 n.4 (10th Cir. 1988).

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-5-