**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2006[*]
Decided November 6, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2011

| | |
|---|---|
| TERRANCE J. SHAW, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> JUDY SMITH and MATTHEW FRANK, <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 04-C-979 <br><br> William E. Callahan, Jr. <br> *Magistrate Judge.* |

**ORDER**

Terrance Shaw, an inmate at Oshkosh Correctional Institution (OCI), appeals from the district court's order granting summary judgment to defendants and dismissing his lawsuit under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.* and 42 U.S.C. § 1983. Shaw asserts that OCI's warden, Judy Smith, and the Secretary of the Wisconsin Department of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Corrections, Matthew Frank, violated his rights under the ADA and the Equal Protection Clause by prohibiting him from participating in the prison's Youth Awareness Program because he is a sex offender. Shaw has failed to show either that he is disabled under the ADA or that the defendants' policy of excluding all sex offenders from the Youth Awareness Program lacks a rational basis. We affirm.

Shaw, who is serving a life sentence plus 20 years for the rape and murder of a female adult, asked to participate in the Youth Awareness Program in 2004. This program allows a select group of approximately twelve inmates to speak to young people (many of them from troubled backgrounds) about the dangers and consequences of crime. Shaw's request was denied because OCI has a policy prohibiting sex offenders from participating in this program. The defendants justify this policy on the ground that exposing children—who may have been victimized themselves or who may be at risk for delinquency—to sex offenders would be counterproductive. They also say that OCI's community partners in the Youth Awareness Program oppose the participation of sex offenders because of the high rate of recidivism among sex offenders and the tendency of sex offenders to exploit children.

A magistrate judge, presiding with the parties' consent, granted summary judgment to the defendants. The judge concluded that Shaw's status as a sex offender did not qualify as a disability under the ADA. The judge also concluded, after considering the defendants' justifications for their decision, that Shaw's equal protection claim failed because the decision to exclude sex offenders from the Youth Awareness Program was rationally related to the "legitimate penological concern of security."

On appeal Shaw first argues that the magistrate judge erroneously rejected his argument that he was disabled under the ADA because the defendants regard him as having a disability. Shaw concedes here, as he did in the district court, that he does not actually have a physical or mental impairment as defined in the ADA, but he continues to insist that he qualifies as disabled under 42 U.S.C. § 12102(2)(C), because he is regarded as having an impairment covered by the statute. However, the regulations implementing the ADA specify that "disability does not include . . . sexual behavior disorders," 28 C.F.R. § 35.104(5)(I), and the "as regarded" section of the ADA is not meant to be used to secure recognition of an impairment that is explicitly excluded from the ADA's definition of "disability,"*see Richards v. City of Topeka*, 173 F.3d 1247, 1251 (10th Cir. 1999).

We next turn to Shaw's argument that the defendants violated his rights under the Equal Protection Clause. Shaw argues that the magistrate judge ignored his arguments refuting the defendants' justifications for the policy of excluding all sex offenders from the Youth Awareness Program. In particular, he points to his

argument that, because sex offenders may have been convicted of any one of seventeen different offenses and thus may vary in their characteristics, it is arbitrary and irrational to decide that they are all unsuited to participate in the program. He also asserts that the defendants presented no evidence to support their conclusion that prohibiting all sex offenders from participating in the Youth Awareness Program is necessary.

The defendants' decision here to exclude sex offenders from this program survives rational-basis review. Under this lenient standard, the prison's policy must be upheld if we can reasonably conceive of any justification for it. *See Smith v. City of Chicago*, 457 F.3d 643, 652 (7th Cir. 2006)*; Greater Chicago Combine & Ctr., Inc.*, 431 F.3d 1065, 1071–72 (7th Cir. 2005); *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 685 (7th Cir. 2005). The prison's policy need not fit perfectly with its objective. *See Brown v. City of Michigan City*, 462 F.3d 720, 734 (7th Cir. 2006); *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997). As the magistrate judge noted, the defendants submitted sufficient evidence to support their decision. Smith and Dr. Lori Adams, a psychologist at the prison who recommended that Shaw not be allowed to participate, both testified by affidavit that some of the children in the Youth Awareness Program "may be at risk for delinquency and may have been victimized by others." The magistrate judge also noted Smith and Adams's testimony that OCI's community partners in the Youth Awareness Program did not want sex offenders to participate because of the high rate of recidivism among sex offenders and the tendency of sex offenders to exploit children. The defendants could have rationally concluded that excluding sex offenders from the program was necessary to protect vulnerable children. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003)*; Mahfouz v. Lockhart*, 826 F.2d 791, 794 (8th Cir. 1987) (per curiam) (excluding sex offenders as a group from work-release program rationally related to legitimate purpose of preventing sex crimes).

For the above reasons, we AFFIRM the district court's decision.